MERIDIAN FAIR & EXPOSITION ASSOCIATION *v.* NORTH BIRMINGHAM STREET RAILWAY COMPANY.

1. BAILMENT.  *Action for non-return.  Destruction.  Negligence.  Burden of proof.*

The law does not presume negligence. When a bailee in an action for non-return of an article borrowed shows that it was destroyed by fire, under circumstances fully disclosed, and not suggestive of any want of proper care, it devolves on the bailor to turn the scale by some evidence inculpatory of the defendant.

2. SAME.  *Property destroyed by fire.  Guaranty.  Liability.*

An æronaut contracted with the defendant, a fair association, to give balloon ascensions, and applied to plaintiff to borrow a balloon. Plaintiff knew him to be an experienced aeronaut, but, considering him unreliable financially, refused the loan, whereupon defendant guaranteed the return of the balloon, and plaintiff delivered it, in good condition, to the aeronaut. While in use in filling the engagement, it was destroyed by fire, originating in some inexplicable way. There was no evidence of negligence. *Held,* there was no guaranty as to care or skill in the *use* of the balloon, or as against accident, but only that it would be returned after use, and plaintiff could not recover.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

Appellant, the Meridian Fair & Exposition Association, at its exhibition in 1890, had contracted with one Fisk to make

a number of balloon ascensions for the entertainment of its visitors. In order to have what is called a race, it was necessary to have two balloons, which Fisk was to furnish. He applied to appellee, the North Birmingham Street Railway Company, for whom he had made some ascensions, to borrow a balloon to be used for the purpose stated. He showed the manager of the railway company the contract between the fair association and himself, and explained to him that the proposed balloon ascension had been advertised, but that, unless he could borrow a balloon, the ascension would not take place. The record does not show that this interview was known to the fair association at the time. Fisk was regarded as financially irresponsible by the manager of the railway company, and he refused to lend him the balloon without security for its return. Thereupon, at the suggestion of Fisk, the following telegram was sent to appellant:

"BIRMINGHAM, ALA., October 9, 1890.
"George M. Hodges, Secretary, Meridian:
I will let I. N. Fisk have a balloon to use at Meridian on condition that you will be responsible for its being shipped back to me. Answer if you will be responsible.
RANDOLPH PEYTON,
General Manager."

The following telegram was received in reply:

"MERIDIAN, MISS., October 9, 1890.
"We will be responsible.
G. M. HODGES, Secretary."

There was no further communication, and, thereupon, the general manager of the railway company, as an accommodation to Fisk, shipped the balloon, in good condition, to him at Meridian, and he proceeded with the ascension on the grounds of the fair association. When the balloon had ascended some distance above the ground, it took fire in some unexplained way, and was destroyed.

Afterwards, the manager of the railway company applied to appellant for the return of the balloon, and was informed that it could not be returned, because it had been destroyed by fire. No explanation was offered as to the cause of the fire. Thereupon, this suit was brought by appellee to recover of the fair association the value of the balloon. A jury trial was waived, and the case was tried by the court. On the trial, the above facts, substantially, were shown. Fisk was not examined as a witness. There was no testimony showing the cause of the fire. Witnesses who saw it, could not explain its origin. From a judgment in favor of plaintiff, this appeal is taken. The opinion contains a further statement of the case.

*McIntosh, Williams & Russell,* for appellant.

Appellant had no contract with plaintiff for the use of the balloon. It had contracted with Fisk, and appellee loaned the balloon as an accommodation to him. Appellant's obligation was simply to return it after it had been used.

It is not even shown that there was any negligence on the part of Fisk, and this was necessary to establish liability as against defendant. Schouler on Bailments, § 23; Story on Bailments, § 410.

But the burden of proof was on plaintiff to show negligence of the fair association. Story on Bailments, §§ 278, 410; Schouler on Bailments, § 23, and authorities there cited.

*Miller & Baskin,* for appellee.

1. Appellee, by its telegram, agreed absolutely for the return of the balloon. The failure to return it fixed liability. Where a party, by contract, creates a charge upon himself, he is bound to make it good, if he may, notwithstanding any accident, because he might have provided against this. *School District* v. *Dauchy,* 68 Am. Dec., 371.

Where property is placed in a bailee's hands in good condition, and is not returned, the burden of exculpation is upon

him, especially if the loss cannot ordinarily occur without negligence. The bailor must make out a *prima facie* case by showing the delivery of the thing in good condition, and the bailee's failure to redeliver. The *prima facie* case being made out, the inference is then deducible that the bailee is to blame. In such case, it rests upon the bailee to exonerate himself by showing that he was not negligent. Schouler on Bailments, § 23 *et seq.*, and authorities cited; *Ford* v. *Simmons*, 13 La. Ann., 397; *Collins* v. *Bennett*, 46 N. Y., 490.

The defendant should have returned the balloon or given some reason why it could not do so; failing in this, it was liable. Story on Bailments, §§ 278, 411, 529. It gave no excuse, but merely answered that the balloon had been burned, and this, too, notwithstanding the facts in reference to the burning were within its knowledge. It could have easily shown the facts. Its failure to do so was an implied admission that it had not exercised proper care. *Boies* v. *Railroad Co.*, 37 Conn., 272; *Lichtenheim* v. *Railroad Co.*, 11 Cush. (Mass.), 70. The judgment should be affirmed.

CAMPBELL, C. J., delivered the opinion of the court.

The balloon was loaned by its owner to enable the aeronaut, Fisk, by its use, to carry out his engagement with the appellant. The owner was not willing to trust Fisk for the return of the balloon, and required the appellant to become responsible for its return, and, receiving this guaranty, the balloon was loaned for use by Fisk in execution of his contract with the appellant, which was in writing, and had been inspected by the owner of the balloon. While being thus used, it was destroyed by fire occurring in an ascension, one hundred and twenty or thirty feet above the earth, from some cause not explained. The just interpretation of the obligation assumed by the appellant for the return of the balloon is that it was subject to the implied condition that, if it was destroyed in the use for which it was loaned, the obligation should be discharged. It was destroyed by fire, in an ascen-

sion caused by Fisk, who was known to the loaner of the balloon to be an experienced person at the business, and to whom it was willing to intrust it, with a responsible guaranty for its return after the contemplated use. The suggestion is that the apprehension was, not that any harm would result from the use of the balloon, but there was danger of failure to return it to its owner after use. Hence, the guaranty, not against destruction or accident in its use on the occasion for which it was loaned, and by the person for whose use it was procured, but for its return afterwards. The assumption of the appellant was not for the skill or care of Fisk in using the balloon, but only for its return after its use. The risk of its use was not assumed by the appellant. That was taken by the owner who intrusted it for Fisk's·use, only requiring the obligation of appellant for its return after the contemplated use of it.

While in use by Fisk, on the occasion for which the loan was made, it was destroyed by fire originating in some inexplicable manner. This was clearly shown, and there is no hint in the evidence of any culpability of Fisk or anybody else, unless the mere fact of fire raises a presumption of negligence. It does not, and, if the appellant was held bound for want of skill or care of Fisk in using the balloon, the plaintiff has not shown a right to recover, for the destruction of the balloon by fire is shown, and there is nothing in the circumstances of which to predicate blame on anybody.

When a bailee in an action for non-return of an article shows that it was destroyed by fire under circumstances fully disclosed, and not suggestive of any want of due care, it devolves on the bailor seeking to hold him responsible to turn the scale by some evidence inculpatory of the defendant. The law does not intend or presume negligence. It does make the reasonable requirement of the bailee, who fails to return the thing bailed, to show that he cannot return it, and why; and when he discloses fully the fact showing the impossibility of a return because of the destruction of the thing,

with the attendant circumstances, and nothing connected with his showing in this respect inculpates him, the plaintiff must show liability or fail in his action. 2 Kent's Com., \*587; Story on Bailments, §§ 410, 411, 412, 454; Schouler's Bail- ments, p. 23 et seq.; 2 Am. & Eng. Enc. L., p. 59; 24 Am. Dec., 143, and note on p. 150 et seq.; Mills v. Gilbreth, 47 Maine, 320.

Upon the facts disclosed, as shown by the record, the de- fendant sufficiently accounted for the non-return of the bal- loon, and the plaintiff was not entitled to recover.

*Reversed, and remanded for a new trial.*