[No. 7434.   Decided December 9, 1908.]

CHARLES PREGENT, *Respondent*, v. D. O. MILLS *et al.*,
*Appellants.*[1]

BAILMENT—LOSS OF MONEY—PRESUMPTION OF NEGLIGENCE—BUR-
DEN OF PROOF.   In an action to recover money deposited for safe
keeping, the law presumes negligence if the money is lost, whether
the bailment was gratuitous or not, and the burden of proof is there-
fore upon the defendant.

SAME—EVIDENCE—CROSS-EXAMINATION.   In an action to recover
money deposited in a saloon safe for safe keeping, it is not error to
permit cross-examination of the defendant as to his whereabouts on
different occasions prior to the bailment.

SAME—PLEADING—CONVERSION.   An allegation of the deposit of
money for safe keeping and a failure to return it, in effect alleges
a conversion; rendering admissible evidence of the defendant's visits
to the race track and betting on the races.

SAME—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.   In an action
for the recovery of money deposited in a saloon safe for safe keep-
ing, which was lost, the reasonableness of the explanation of the de-
fendant as to why he could not return the money is for the jury,
although there was no contradictory evidence; also, the question of
the bailee's care, in leaving the safe under a half lock, in charge
of a barkeeper.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered January 20, 1908, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for the recovery of money deposited for safe keeping.
Affirmed.

*Sayre & Sutherland*, for appellants.

*Reynolds, Ballinger & Hutson*, for respondent.

DUNBAR, J.—This is an action at law brought for the
recovery of money deposited by the respondent with Mills &
Smith, copartners, engaged in the saloon business.   The
amount in controversy is $530.   The respondent, on the 25th

[1]Reported in 98 Pac. 328.

day of July, 1907, came to appellants' saloon and deposited in their safe, for safe keeping for him, the said sum of $530 in gold. The money was placed in a buckskin sack in the presence of the respondent. The sack was tied and placed in appellants' safe, which was behind and near the closed end of the bar. The safe was an ordinary iron safe. It is conceded that no consideration was received by appellants for keeping respondent's money. At this time appellants had in their employ a bartender named Axel Johnson. He was present and saw respondent deliver the money to appellants. It is the contention of the appellants that, so far as they knew, Johnson did not know the combination of the safe, nor did any one save the appellants. It was their custom to lock the safe at closing time, about one o'clock a. m. of each night, and to open at about 10:30 the following morning, and to keep the safe locked during the day on half combination. It is admitted that the safe was behind the bar, and that a bartender, by making special effort, could ascertain the means of opening the safe when on half combination, it being necessary to open and close the safe a number of times throughout the day.

On the night of either the 30th or 31st of July, one of the appellants, in checking the contents of the safe, discovered that the sack containing the respondent's deposit was missing. It appears that, earlier in the evening, the appellant Smith had left the saloon for his evening meal, remaining away about thirty-five minutes and leaving the barkeeper Johnson in charge. Upon the discovery that the sack was missing, the fact was reported to a detective, and suspicion centered on Johnson, who was placed under arrest, but subsequently released. He was again arrested on complaint made by Smith, and was again subsequently released by order of the prosecuting attorney. The money not being returned, this action was commenced. At the beginning of the trial the court ruled that the burden of proof was on the defendants. After the close of all the testimony, appellants moved for a nonsuit,

which motion was denied, and the cause submitted to the jury. The jury returned a verdict in favor of respondent. Appellants thereafter moved for judgment *non obstante veredicto,* and also for a new trial; which motions were denied by the court and judgment entered in favor of respondent, from which judgment this appeal is taken.

The assignments of error are (1) that the court erred in placing the burden of proof on appellants; (2) in permitting respondent to cross-examine the appellant Smith as to his whereabouts on different occasions prior to the bailment; (3) in permitting the cross-examination of the appellant Mills with reference to the appellant Smith frequenting the race track and betting on the races; (4) in denying appellants' motion for a nonsuit; (5) in denying appellants' motion for judgment *non obstante veredicto*; (6) in denying appellants' motion for a new trial; (7) in rendering judgment in favor of plaintiff.

To sustain the first assignment, it is urged that this was a case of gratuitous bailment, and that the ordinary rule that, if the property bailed is not returned, the law presumes negligence in the bailee and the burden is upon him to show that the loss is not due to his negligence, does not apply in the case at bar, because the character of the bailment was in issue, the reply of the plaintiff denying that the bailment was gratuitous. The court instructed the jury that under the testimony this was a gratuitous bailment, and that question was removed from the consideration of the jury. Even if this were not true, the rule would be the same whether the bailment was gratuitous or not, the only distinction being in the amount of diligence required by the bailee. There seems to have been no error of the court in regard to permitting the cross-examination complained of.

It is admitted that, if the pleadings had raised the issue of a conversion, it might have been proper for the respondent to get before the jury evidence of appellant Smith's visits to the race track; but it was improper, for the reason that no con-

version was alleged. But the complaint does, in effect, allege conversion by alleging the deposit of the money and appellants' refusal to return it on demand. This, in the absence of a showing of a sufficient excuse, would constitute a conversion.

The other assignments of error go to the merits of the case on the testimony offered, and could only be sustained on the theory that the jury was bound to believe and accept the testimony of appellant Smith as true. This they were not compelled to do. A bailee's explanation of why he did not or could not return the money may be so inconsistent that the jury is not compelled to believe it, notwithstanding there may not be any other testimony in the case. If this were not the rule, no judgment could ever be returned against a bailee who has appropriated the money intrusted to him to his own use. The reasonableness of the explanation offered must of necessity be a question for the jury to determine. The jury also had a right to determine from the testimony whether the bailee had exercised sufficient caution in leaving the money deposited with him in the charge of a barkeeper who was in their employment, under such circumstances as were testified to in this case.

There being no error discoverable in the record, the judgment is affirmed.

HADLEY, C. J., RUDKIN, MOUNT, CROW, and FULLERTON, JJ., concur.