[No. 16637.   Department Two.   November 5, 1921.]

GRACE MURPHY, *Appellant,* v. DAVE SCHWARK *et al.,*
*Respondents.*[1]

BAILMENT (3)—LOSS OF GOODS—LIABILITY OF BAILEE.   One accepting the control of premises in which household goods and other personal property is temporarily stored becomes a gratuitous bailee of the contents of the house, and as such chargeable with the use of reasonable care.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered May 4, 1921, upon granting a nonsuit, dismissing an action for conversion.   Reversed.

*C. A. Studebaker,* for appellant.

HOVEY, J.—This is an appeal from a judgment granting a nonsuit in an action brought by the plaintiff to recover the value of certain personal property belonging to herself and the other members of her family.

The evidence introduced by the plaintiff was to the effect that a dwelling house had been occupied by the Murphy family for a considerable period and that, for some time prior to the act complained of, possession of the premises was in one Davis under sublease.   The premises were purchased by the defendants and the former owner notified the Murphys to surrender possession.   The removal of the property belonging to the Murphys was delayed a short time because of there being a case of smallpox on the premises, but the subtenant, Davis, moved out about September 13, locked up the house and, at the request of the defendants, deposited the key with a neighbor.   When the Murphys

[1]Reported in 201 Pac. 757.

came to remove their goods about one week later they found the house unlocked and considerable of their goods gone, and were informed by the defendant Dave Schwark that he had unlocked the house and that he was not running a warehouse and was not responsible for the loss of the goods. The testimony on behalf of the plaintiff was to the effect that all of the missing goods were in the house at the time Davis moved out and surrendered the key as instructed by the defendant.

We believe the lower court was in error. In accepting control of the premises respondents became gratuitous bailees of the contents of the house and as such they were required to use reasonable care. 6 Corpus Juris, 1102-1104; *Smith v. Nashua & Lowell R. R.*, 27 N. H. 86, 59 Am. Dec. 364.

In the case of *Pregent v. Mills,* 51 Wash. 187, 98 Pac. 328, this court sustained recovery against a saloon keeper who had accepted a deposit of a sack of money belonging to a customer, without any proof of theft on the part of the bailee, and held that the burden was on him to explain the loss of the goods. To the same effect is *Colburn v. Washington State Art Ass'n,* 80 Wash. 662, 141 Pac. 1153, L. R. A. 1915 A 594.

The judgment of the trial court is reversed for further proceedings in accordance with this opinion.

Appellant will recover costs.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.