[No. 16655. *En Banc.* July 8, 1922.]

FIRESTONE TIRE & RUBBER COMPANY, *Respondent,* v.
PACIFIC TRANSFER COMPANY, *Appellant.*[1]

BAILMENT (8)—WAREHOUSEMEN (4)—LOSS OF GOODS—NEGLIGENCE. In an action against a warehouseman for the value of tires, stolen by two employees of the defendant, a statement by one of defendant's officers that the tires would be safe and that nothing had ever been stolen, was the expression of an opinion and does not show negligence by the defendant.

SAME. In an action against a warehouseman for the value of tires, stolen by two employees of the defendant, there is no presumption of negligence, and when plaintiff's *prima facie* case by failure to return the goods is met by proof that they were stolen, the burden of proof rests upon the plaintiff to show negligence by the defendant.

SAME. In such a case, proof that the servant of the warehouseman stole the goods, does not raise a presumption of negligence on the part of the warehouseman.

HOLCOMB, J., dissents.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered January 7, 1921, upon findings in favor of the plaintiff, in an action to recover the value of property lost by a bailee, tried to the court. Reversed.

*Danson, Williams & Danson (R. E. Lowe* and *Newton Henton,* of counsel), for appellant.

*H. E. Belden,* for respondent.

[1]Reported in 208 Pac. 55.

BRIDGES, J. — The important facts in this case are these: The defendant, appellant here, was the owner and operator of a warehouse or storeroom, located in the city of Spokane. An arrangement was made between it and the plaintiff whereby the latter was to occupy certain space in the warehouse for the storage of automobile tires. By agreement between the parties, the defendant constructed a fence or lattice work enclosing the space to be occupied by the plaintiff. This enclosure was made of wooden planks, 1 x 4 inches in size, and extending from the floor to near the ceiling of the room. At the plaintiff's request, the defendant installed two doors as a part of the enclosure. The plaintiff obtained and put locks on these doors and retained the keys thereto. It also had a key to one of the outside doors leading to the general storeroom. One party knew as much as the other about the construction of the enclosure. It was not contemplated that it was burglar proof, but was constructed more for the purpose of keeping the plaintiff's tires from being mixed with other tires and goods in the warehouse than for any other purpose. There was a space of some two or three feet between the top of the boards enclosing the space and the ceiling. While the plaintiff was using this space, a good many tires were stolen therefrom by two of the employees of the defendant. A part of these tires were recovered, and the plaintiff sued the defendant for the value of the remainder. The case was tried to the court without a jury, and judgment was rendered for the plaintiff in a sum in excess of $1,000. This appeal results.

The chief argument here centers around two questions: first, was the relationship between the parties that of bailor and bailee; and second, was there sufficient evidence concerning the negligence of the appellant to justify the judgment.

We will assume that the relationship was that contended for by the respondent, to wit, bailor and bailee, and that the law of bailment is applicable, and go at once to the question of negligence.

The testimony shows that none of the officers of the appellant or those in charge of the warehouse had anything to do with, or had any knowledge of, the theft of the tires. It only shows that the tires were stolen by two of the appellant's employees. There was no testimony tending to show the appellant had been careless or negligent in hiring or keeping those employees, or that it had any reason to believe they were dishonest. There is no showing that anything had been stolen previously from the warehouse, or that the outside doors were not securely locked during nights and non-business days. The only testimony upon which liability of the appellant could be based is that which shows that two of its employees stole the property. We have not overlooked the testimony of one of respondent's witnesses to the effect that one of the officers of appellant told the respondent that the goods would be safe in the warehouse, and that nothing had ever been stolen therefrom. This was nothing more than the expression of an opinion, and cannot be held to indicate any negligence on the part of appellant.

It is the settled rule of law that, in a bailment for hire, the bailee is bound to exercise reasonable or ordinary care. *Colburn v. Washington State Art Ass'n*, 80 Wash. 662, 141 Pac. 1153, L. R. A. 1915A 594, and authorities there cited. Of course, as to what would be reasonable care would depend largely upon circumstances, for what would be reasonable care concerning the storage of coal or iron would not necessarily be reasonable care concerning the storage of valuable jewelry and works of art. But that particular phase

of the question is not material to the decision of this case.

The question here is principally one of presumptions and burden of proof. If, when it appeared that the tires had been stolen by employees of the appellant, the burden then rested on it to show want of negligence, the judgment must be affirmed, because it did not offer any such testimony. If, on the contrary, when the fact of the theft was disclosed, the burden rested on the respondent to show such negligence of the appellant as contributed to the theft, then the judgment must be reversed, because it failed to produce such proof.

It is the prevailing doctrine that in a suit of this character, when the plaintiff has proven a demand for the return of the goods bailed, and that the bailee has failed to return them, a *prima facie* case against the bailee has been made. This rule proceeds upon the theory either that the bailee, being in possession, knows better than any other person why he does not return them, or from a presumption that he actually retains the goods, and by his refusal to deliver them converts them to his own use. But when it is shown that the goods were stolen, the *prima facie* case or presumption is overcome and the duty of proving negligence rests upon the plaintiff. While this rule with reference to the *prima facie* case and burden of proof is not universal, it is supported by the great weight of authority, and has been recognized by this court in the *Colburn* case, *supra*. In that case the respondent invoked the rule that in actions of this character, where goods are not returned upon the demand of the bailor, the burden of proof rests upon the bailee. Concerning that theory, we said:

"This rule was recognized by this court in *Pregent v. Mills*, 51 Wash. 187, 98 Pac. 328, but it is not with-

out its limitations in cases of loss by burglary, larceny, fire, and other causes which, of themselves, do not point to negligence on the part of the bailee. In other words, when the bailee has shown loss from some such cause, he has met the *prima facie* case of negligence made against him by his failure to return the goods, and the burden of proof as to his negligence then rests upon the plaintiff as in any other case of alleged negligence."

We sustained these assertions by quoting from a number of cases, and among the rest, *Knights v. Piella,* 111 Mich. 9, 69 N. W. 92, 66 Am. St. 375, where it was said:

"Upon this record, the defendant has established the fact and circumstances of the theft, without contradiction. There is no presumption of negligence from the mere fact of the loss or theft, and while there is much reason for the rule, adhered to in many States, that the defendant has the burden of proving the fact of loss, it does not necessarily follow that a presumption of negligence arises; and, if the facts shown in connection therewith do not fail to excuse, the *onus* is on the plaintiffs to shake defendant's exculpation."

The case of *Claflin v. Meyer,* 75 N. Y. 260, 31 Am. Rep. 467, is an important and leading one on this subject. The facts were that certain goods held by a bailee were stolen from the warehouse. The court said:

"But where the refusal to deliver is explained by the fact appearing that the goods have been lost, either destroyed by fire or stolen by thieves, and the bailee is therefore unable to deliver them, there is no *prima facie* evidence of his want of care, and the court will not assume in the absence of proof on the point that such fire or theft was the result of his negligence."

The prevailing rule is well stated in 3 R. C. L. 151, as follows:

"But if the bailee proves that the property was stolen or destroyed by fire, or accounts for his failure

to return or for the injury in any other way which does not on its face involve negligence or call for further explanation, the bailor must prove negligence.''

In 27 R. C. L. 1002, it is said:

''When the depositor of goods in a warehouse demands their return, and the warehouseman fails to comply, it is incumbent upon the latter to give an explanation of his failure or to become responsible for their value, but some conflict of authority has arisen as to the extent and sufficiency of such explanation. According to the weight of authority, the warehouseman fulfils his duty by showing a loss of the goods through fire, theft, leakage, or act of God; and the depositor, if he seeks to hold the warehouseman on the ground of negligence in the care of the property, has the burden of producing evidence showing such negligence resulting in the loss.''

All that the testimony shows in this case is that the bailee did not return the goods because they were stolen by two of its employees, without its knowledge or connivance. Under ordinary circumstances, the mere fact that the goods in storage have been stolen no more shows negligence than the fact that, in a personal injury case, the plaintiff was injured while in the employ of the defendant shows negligence. The burden here was on the respondent to show that the theft of its goods was the result of some negligent act of the appellant. Mere proof of theft is not proof of negligence. 40 Cyc. 470; 27 R. C. L. 1002.

The following are some of the additional cases holding to this doctrine: *Cheshire v. Bailey*, 1 Am. & Eng. Ann. Cas. 94; *Schmidt & Webb v. Blood & Green*, 9 Wend. (N. Y.) 268, 24 Am. Dec. 143; *Meridian Fair & Exposition Ass'n v. North Birmingham St. Ry. Co.*, 70 Miss. 808, 12 South. 555; *Stone v. Case*, 34 Okl. 5, 124 Pac. 960, 43 L. R. A. (N. S.) 1168 and note; *Higman v. Camody*, 112 Ala. 267, 20 South. 480, 57 Am.

St. 33; *Lancaster Mills v. Merchants' Cotton-Press Co.,* 89 Tenn. 1, 14 S. W. 317, 24 Am. St. 586; *Stewart v. Stone,* 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; *Cumins v. Wood,* 44 Ill. 416, 92 Am. Dec. 189; *Yazoo & M. V. R. Co. v. Hughes,* 94 Miss. 242, 47 South. 662, 22 L. R. A. (N. S.) 975 and note; Schouler's Bailments and Carriers (3d ed.), p. 29, and note; Van Zile on Bailments and Carriers (2d ed.), §§ 202 *et seq.*

The respondent has cited the case of *Burley v. Hurley-Mason Co.,* 111 Wash. 415, 191 Pac. 630, where we said:

"The other rule is that, in cases where property is delivered to the bailee in good condition and returned damaged, a presumption arises of negligence on the part of the bailee and casts upon him the burden of showing the exercise of ordinary care."

The rule there stated is correct as applied to the facts of that case, because it is generally held that the delivery by the bailee in a damaged condition is in itself proof of negligence, unless the subject of the bailment be of such a nature that injury could not ordinarily have occurred without negligence on the part of the bailee. *Patterson v. Wenatchee Canning Co.,* 53 Wash. 155, 101 Pac. 721, and cases there cited.

The case of *Foster v. Pacific Clipper Line,* 30 Wash. 515, 71 Pac. 48, not only is not contrary to, but supports the doctrine for which we contend. The accident which occasioned the loss was the collapse of the wharf on which the warehouse was built. The plaintiff gave evidence concerning the insufficiency of the wharf. The court said:

"It seems, there was sufficient evidence on the part of the plaintiff for the jury to infer that the dock was insufficient in strength to support the weight imposed upon it when the oats were placed there."

The respondent seems most greatly to rely on the case of *Jones v. Morgan,* 90 N. Y. 4, 43 Am. Rep. 131, and it is stated in the briefs that the trial court believed he was following the doctrine of that case in making his judgment. The general facts there are quite similar to the general facts here, and that case would, without question, be a strong one in support of the assumption we have made, to wit, that the relationship of bailor and bailee existed in this case. There is nothing in the opinion, however, to show what the proof was concerning negligence on the part of the bailee. The court dismisses that feature of the case by saying that the "questions of fact litigated upon the trial of this action were finally settled by the verdict of the jury and the decision of the court at General Term, and they are not subject to further review here." For ought that appears in the opinion there may have been ample proof showing such careless and negligent acts. Consequently, that case cannot have any bearing upon the question we are discussing.

We hold that the *prima facie* case made by the bailor, by showing that the bailee failed to return the goods, may be overcome by the bailee showing that the goods have been stolen, and that thereafter the burden of showing negligence rests on the bailor.

It is contended, however, that this rule should not be applied where it is shown that the theft was committed by a servant of the bailee. It is argued that the mere fact that the bailed property was stolen by the servant of the bailee, imposes upon the latter the burden of showing that he was without fault. No authorities are cited in support of this proposition, nor is any satisfactory reason given why such should be the rule. We have made a very extended search of the authorities and are unable to find any case or text book which discusses this particular question. Simply put, the

question is:  Does proof that the servant of the bailee
stole the bailed goods raise a presumption of negli-
gence on the part of the bailee and impose on him the
burden of showing his want of negligence?

The master is liable only for the negligence of his
servant while in the performance of his duties.  It has
never been held that the master is liable for the torts
of his servant committed without the course of his em-
ployment.  It needs no argument to show that the ser-
vant, in his act of thievery, is not in the performance
of his duty to his master, and therefore the master
cannot be made liable for his acts.  Any other rule
would make the bailee an insurer of the honesty of his
servant.  There are a few early cases which held that,
under such circumstances, the bailee was liable, but
such doctrine has long since been abandoned, even by
most of those courts which originally held to it, and
the rule is now almost universal that the bailee is not
liable for the theft by his servant unless he was guilty
of some negligence in connection with the theft.  But
this does not dispose of the question of the burden of
proof, which is the exact question before us.

In all negligence cases the rule is that the plaintiff
must allege and prove want of care on the part of the
defendant.  A defendant is never called on to defend
himself against a charge of negligence until there is
some proof by the plaintiff tending to show want of
care.  It has always been held that there is a presump-
tion that the master has exercised due care in the selec-
tion of his servant.  What is there, then, peculiar in
a bailment case which should change this rule and re-
quire us to hold that the master is presumed to have
been guilty of negligence in engaging his employees?
We can see nothing.  Where, in a personal injury case,
the plaintiff alleges he has been injured because of the

incompetency or unfitness of a fellow servant, the burden is always on him to allege and prove negligence on the part of the defendant in selecting and keeping the fellow servant. There is no reason why the same rule should not apply in bailment cases. There is no presumption of negligence on the part of the bailee from the mere proof of loss by theft. *Knights v. Piella, supra.* Proof of loss by the theft of an employee is no more evidence of negligence than proof of loss through theft by anyone else.

The following cases, while not directly deciding the point we are discussing, lend support to the conclusion to which we have come: *Smith v. First Nat. Bank in Westfield*, 99 Mass. 605, 97 Am. Dec. 59; *Meridian Fair & Exposition Ass'n v. North Birmingham Street Ry. Co.*, 70 Miss. 808, 12 South. 555, Morse, Banks and Banking, § 202.

We hold that the mere fact that appellant's servants stole the bailed goods does not cast on it the burden of showing want of negligence in selecting and keeping the servant, but that the burden was on the respondent to show such negligence, and that it has failed in its proof.

Judgment reversed and remanded with instructions to dismiss.

PARKER, C. J., MAIN, TOLMAN, and MITCHELL, JJ., concur.

HOLCOMB, J., dissents.