[No. 19306.   Department One.   December 23, 1925.]

J. W. BIRK, *Respondent,* v. THE CITY OF BREMERTON, *Appellant.*[1]

[1] BAILMENT (3, 8)—NEGLIGENCE—LOSS OF GOODS—PRESUMPTION—BURDEN OF PROOF. In an action for loss of goods stored, a warehouseman meets the *prima facie* case made against him through failure to return the goods, by showing that the warehouse and goods were destroyed by fire, apparently without fault and from spontaneous combustion; whereupon the burden of showing negligence is shifted to the plaintiff.

[2] SAME (3, 8)—NEGLIGENCE—LOSS OF GOODS—EVIDENCE OF NEGLIGENCE—SUFFICIENCY. In an action for loss of goods stored, the defendant is entitled to judgment n. o. v. where it appeared that its warehouse was destroyed by a fire which originated inside from no other explainable cause than spontaneous combustion, and that a watchman made periodic visits during the night, there being no evidence of his negligence, lack of fire extinguishers or that defendant was guilty of negligence in any particular.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered February 9, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

¹Reported in 241 Pac. 678.

*Thomas Stevenson* and *Fred G. Clarke,* for appellant.
*F. W. Moore,* for respondent.

Holcomb, J.—This action is for the recovery of damages for the loss occasioned by fire of household goods which had been stored in a municipal wharf and warehouse belonging to appellant. Two causes of action were alleged: one for the loss of household goods alleged to be of the value of $1,062.50, delivered to appellant as a warehouseman; and the second, for the loss of a trunk valued at ten dollars, alleged to have been held by the city as a common carrier, by reason of having been delivered to it by a transportation company known as the Navy Yard Route, shortly before the fire, without notice of its arrival having been given to respondent before its destruction.

The amended complaint alleges that the goods were delivered in good condition, and that appellant was unable to return them on demand. The answer alleged that the goods were held in the capacity of warehouseman, that they were destroyed by fire without fault on the part of appellant; and also alleged that it held the trunk in question as agent for the transportation company, it having been delivered to appellant only the night before. The reply was a general denial.

The case was submitted to a jury, which returned a verdict for the full amount claimed in the two causes of action, $1,072.50. Appellant challenged the sufficiency of the evidence; moved for a directed verdict in its favor; for judgment notwithstanding the verdict, and for a new trial.

The arguments to support appellant's contentions are all grouped on the denial of the motion for judgment n. o. v. Respondent, in proving his case, merely proved that the goods were delivered in good condition, and that the city was unable to return them except in

a damaged condition, and rested. Evidence was then adduced by appellant under its affirmative answer.

The evidence shows that there was a fire in the warehouse of appellant which damaged respondent's property. It was shown that the fire was of unknown origin. The only explanation given by anyone as to the cause or origin of the fire was that given by the chief of the fire department of appellant, who made an examination at the time of, and immediately after, the fire, that he was of the opinion that the fire was caused by spontaneous combustion.

[1] The law with reference to the liability of warehousemen is well settled. A warehouseman is bound to exercise ordinary diligence only. *Colburn v. Washington State Art Ass'n.*, 80 Wash. 662, 141 Pac. 1153, L. R. A. 1915A 594. When, however, it is shown that the loss is occasioned by larceny, burglary, fire, or other cause which of themselves do not point to negligence on the part of the bailee, the bailee has then met the *prima facie* case made against him by his failure to return the goods, and the burden of proof as to negligence then rests upon the plaintiff as in any other case of alleged negligence. *Colburn v. Washington State Art Ass'n, supra; Firestone Tire & Rubber Co. v. Pacific Trans. Co.*, 120 Wash. 665, 208 Pac. 55, 26 A. L. R. 217; *Harland v. Pe Ell State Bank,* 122 Wash. 289, 210 Pac. 681; *McDonald v. Perkins & Co.,* 133 Wash. 622, 234 Pac. 456.

In the last cited case, we said that appellant in that instance did not show the loss to fall within any of the exceptions as to the liability of the bailee upon failure to return the goods, of fire, theft, leakage, or act of God. In this case, appellant brought itself within the recognized exceptions as to liability of a bailee for storage, and comes within the rule stated in the foregoing cases.

[2]   Respondent contends, however, that that rule as to the exceptions applies only when the fire, theft, or burglary is not due to the negligence of the bailee, and contends further that there was evidence in this case warranting the consideration of the jury upon the facts and circumstances, tending to show negligence on the part of appellant.  These elements of negligence are thought to be the following: No special provision for fire apparatus other than one or two fire extinguishers; no one constantly on watch; sailors and others permitted to frequent the outside of the building with girls, and smoking about the premises; insufficient light; public dances held in the upper story above the warehouse.

There is evidence that a watchman made periodic visits during the night to the premises; that there were two fire extinguishers in the warehouse; that the fire originated on the inside of the warehouse in the lower story of the building.  There is no evidence that any greater number of fire extinguishers was necessary or would have been effective.  There is no evidence that there was any dance in the upper story, or that the fire originated where any dance was held.  There is no evidence that the fire was caused by sailors and girls frequenting the wharf outside the premises.  The only evidence there is as to the cause of the fire was that it started inside the warehouse, and the only possible explanation for it was that it started from spontaneous combustion.  The most that can be said as to the cause of the fire is that it was of undetermined origin.

There is no evidence whatever that the negligence of appellant as a warehouseman had anything to do with the spontaneous combustion, if there was such a thing, or with any possible cause of the fire.

The cases cited by respondent do not apply to this situation.

*Kingsley v. Standard Lumber Co.,* 84 Wash. 189, 146 Pac. 369, is a case where a team of horses was hired by the bailee, and it was held that the burden was upon the bailee to show that he used ordinary care and that the injury did not occur through his negligence, and that no excuse was shown for the damaged condition of the horses upon their return to the bailor. None of the recognized exceptions excusing the bailee's liability was shown.

In *Pregent v. Mills,* 51 Wash. 187, 98 Pac. 328, money was left in the possession of a saloon-keeper who should have put it in a safe. When the money was demanded by the depositor, the saloon-keeper was unable to produce it. It was merely held that the alleged conversion, by alleging the deposit of the money and failure or refusal to return it on demand without a sufficient excuse, would constitute conversion.

In *Burley v. Hurley-Mason Co.,* 111 Wash. 415, 191 Pac. 630, a scow was delivered in good condition, and returned in a damaged condition. Plaintiff made out a plain affirmative case of negligence against the bailee, and that the damage was caused solely by the carelessness and negligence of the bailee. There was no excuse for the damage shown by the bailee.

In *Perry Brothers v. Diamond Ice & Storage Co.,* 92 Wash. 105, 158 Pac. 1008, Ann. Cas. 1918C 891, eggs when stored with the warehouseman were in good condition, and when returned were in bad condition, impregnated by a foreign odor. On account of the nature of the bailment and the goods involved therein, it was held that the warehouseman had been guilty of negligence when he stored the eggs in a room liable to communicate foreign odors to the eggs. No excuse was shown.

In *Glacier Fish Co. v. North Pacific Sea Products Co.,* 131 Wash. 426, 230 Pac. 410, there was evidence of

the negligence of the warehouseman which caused the damage. It was in effect held that the damage could not have occurred or been caused in any other way than through the negligence of the warehouseman.

In *Sporsem v. First National Bank of Poulsbo,* 133 Wash. 199, 233 Pac. 641, goods were deposited in a safe deposit vault. Plaintiff charged negligence in that case in having no burglar-proof door upon the vault, and also by reason of an insufficient window fastening. There was direct evidence as to such negligence of the bailee, and under the evidence it was proper to submit the same to the jury.

In *Harland v. Pe Ell State Bank, supra,* we emphasized the rule that, when the bailee shows the loss was caused by fire or theft, he is within one of the recognized exceptions as to which exceptions it is necessary for the bailor to go further and prove that as in the *Sporsem* case, *supra,* the bailee was negligent in guarding against fire, theft, etc.

In this case there is no evidence whatever that tends to show that anything done or left undone by appellant in housing respondent's goods caused the fire, or would have prevented it. We conclude, therefore, that the motion for judgment n. o. v. should have been granted.

The judgment is, therefore, reversed with instructions to dismiss.

TOLMAN, C. J., ASKREN, MACKINTOSH, and FULLERTON, JJ., concur.