[No. 25073. Department One. June 11, 1934.]

ELLARD CHRISTENSEN et al., *Appellants*, v. AXEL CARLSON et al., *Respondents*.[1]

*R. H. Fry*, for appellants.
*John H. Dunbar*, for respondents.

MAIN, J.—This action was brought to recover compensation for the use of a logging truck, and for damages thereto. The defendants denied the contract, as alleged in the complaint, denied the claim for damages, and counterclaimed on the theory that the operating expenses of the truck were greater than its earnings, based upon the contract as the defendants claimed it to be. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiffs were not entitled to damages, and that the contract between the parties was that claimed by the defendants. Judgment was

[1]Reported in 33 P. (2d) 91.

entered dismissing the plaintiffs' complaint and awarding to the defendants a judgment against the plaintiffs in the sum of $79.77, from which they appeal.

June 18, 1933, the appellant Flora Christensen was the owner of a logging truck and trailer, which was located at her farm home and under the supervision of her daughter. The respondent Axel Carlson applied to the daughter for the hire of the truck and trailer, for which he was to pay compensation, and it was delivered to him. The truck was used for the purpose of hauling logs from Lawrence Lake to Tumwater, in Thurston county, a distance of approximately thirty miles. Carlson took possession of the truck on June 19th, and retained possession until September 7th following,. a period of sixty-eight days. It was used forty-three days for the hauling of logs and three days for hauling cable from one spar tree to another, and also for hauling planks. The axle upon the trailer broke August 16th. It does not appear to have been used for the hauling of logs thereafter.

A few days after the truck was taken possession of by Carlson, he and Mrs. Christensen had a talk about the compensation for the use thereof. The arrangement that Carlson had made with the daughter was to the effect that he should pay three dollars per thousand for the logs hauled, and deduct from this the operating expenses, including gasoline, oil, repairs, and one dollar for the driver of the truck.

As to what the contract between Carlson and Mrs. Christensen was, the evidence is in direct dispute. She testified:

"I didn't know anything about hauling so I said I wouldn't let it go that way at all and he said, 'Well, I will guarantee you ten dollars a day above expenses for your truck' and he says, 'I will bring it home in as good repair as when I took it away' and that was my deal with Mr. Carlson."

He testified:

"The final arrangement relative to rental of the truck was I was to pay her three dollars a thousand and deduct the gas and oil and all repairs and the license, whatever I put out in money advanced and the balance of it was to be sent to her. I was to pay the driver a dollar a load. That is what he said he would work for and that was to be deducted from that three dollars a thousand, also."

Mrs. Christensen is supported in her version of the contract by her husband, who was present at the time she talked with Carlson. Upon this disputed evidence, the trial court expressly found that the contract was as Carlson claimed it to be. The appellants say that, in so finding, the trial court accepted the testimony of one witness as against five or six. But this is not as we understand the record. It is true that, as to the time when the conversation between Carlson and Mrs. Christensen took place, above referred to, there is a dispute, and the time when Mr. and Mrs. Christensen say it took place is supported by three or four other witnesses testifying to collateral facts. The time, however, when the conversation took place is not of controlling importance. It is one thing to be taken into consideration in weighing the testimony.

There is some evidence which tends rather strongly to corroborate the testimony of Carlson as to the terms of the contract. The operating expenses of the truck during the time that it was in Carlson's possession were $109.77 greater than the amount that it earned. From this, the trial court deducted ten dollars a day for the use of the truck during the last three days of August when it was used for hauling cable and planks, leaving a balance of $79.77, for which the judgment was entered.

It appears to us to be a very close question whether the contract was that as claimed by the appel-

lants or the respondents. It may be that, had the court found the other way, we would not have disturbed the finding. However, after reading and considering all of the evidence, we cannot say that the trial court's finding was not supported by the preponderance thereof. It may be that Mrs. Christensen made an improvident contract, but if this be so, it furnishes no reason why the court should disturb it. The parties had a right to agree upon such terms for the use of the truck as they saw fit, and what they agreed to, they are bound by.

The contract being as the respondents contend, the question arises as to whether the appellants were entitled to damages, and this depends upon whether the truck was operated with reasonable and ordinary care. *Firestone Tire & Rubber Co. v. Pacific Transfer Co.,* 120 Wash. 665, 208 Pac. 55, 26 A. L. R. 217. Whether the truck when it was returned, aside from the broken axle of the trailer, was in better or worse condition than when it was delivered to Carlson, the evidence is in conflict, and here, again, we think the result of the holding of the trial court should not be disturbed.

As to the broken axle, if this was caused by the reasonable and ordinary use of the truck, and not from overloading or misuse, then the respondents would not be responsible therefor. Upon the question of whether the truck had been overloaded, the evidence is also in dispute, but there is evidence, not contradicted, that, at the time the axle broke, it showed an old flaw or crack. At the time the axle broke, the truck was not proceeding over a rough stretch of road, and while it was hauling, it may be said, a heavy load, it was no heavier than it had previously hauled. It cannot well be said that the breaking of the axle was due to any negligence of the driver thereof.

There is another item for gasoline, oil and a spark plug, which was charged to the appellants subsequent to the time of the breaking of the axle, and which was, apparently, supplied to the truck while it was being operated, during the last three days of August, for a purpose other than that for which it was delivered to Carlson. For these three days, as already indicated, the trial court deducted ten dollars a day for the use of the truck, but apparently overlooked the items mentioned which went into the truck for that operation. These amounted to a substantial sum, and should be deducted from the amount of the judgment entered. Since this modification is in a substantial amount, the costs in this court will be charged against the respondents.

The cause will be remanded to the superior court, with direction to modify the judgment as herein indicated.

TOLMAN, MITCHELL, MILLARD, and STEINERT, JJ., concur.