NEW AMSTERDAM CASUALTY COMPANY, INC., and Another, Plaintiffs, *v.* CHARLES GREENBERG, Doing Business as the COMMUNITY GARAGE, Defendant.

City Court of New York, Bronx County, June 27, 1934.

*Frederick Mellor,* for the plaintiffs.

*Maxwell Handelsman,* for the defendant.

ADLERMAN, J. The plaintiffs, suing as assignees under a subrogation agreement, seek to recover damages sustained to its assignor's automobile as a result of the alleged negligence of the defendant in fulfilling a contract of bailment.

The plaintiffs' assignor stored its automobile in defendant's garage on a monthly basis and had done so for a year prior to the occurrence hereinafter mentioned. The automobile of the plaintiffs' assignor was stolen from defendant's garage on the night of September 8, 1929, by a car washer employed by the defendant. The defendant, who had been on duty at his garage all day prior thereto, remained on duty until about eleven P. M. and then went home, leaving his employee in charge. The evidence discloses that at all times on the night in question, defendant's employee was sober, attentive to his duties and gave no indication that he

would not continue so. It appears that later on that night defendant's employee stole the automobile from defendant's garage and ended up by crashing the car and causing the damage complained of.

The president of the plaintiffs' assignor formally filed a charge against defendant's employee, charging him with grand larceny of the automobile and the said employee was never seen thereafter, was never apprehended and is still a fugitive from justice. The said employee had been in the employ of the defendant about two or three months prior to September 8, 1929, and had worked continuously for the defendant during the entire period up to that date as a car washer and he had been hired by the defendant from an employment agency which the defendant had used for four or five years. Defendant had hired four or five employees from this same employment agency and had always found the employees furnished by this agency to be honest, reliable and satisfactory. The employee had furnished the defendant with the names of his previous employers and the defendant had checked up his record with his previous employers and was informed by the said employers that his services were in all respects satisfactory. No evidence has been submitted showing any negligence on the part of the defendant in hiring this employee or retaining him in his employ.

The relationship between the defendant and the plaintiffs' assignor was clearly one of bailee and bailor and it is well settled that the defendant, the bailee, can be held liable for damage to the automobile only when such damage was caused by some negligence or fault on the part of the defendant bailee. The defendant bailee can in no respect be held to be an insurer against damage through theft (*Hogan* v. *O'Brien*, 212 App. Div. 193; *Claflin* v. *Meyer*, 75 N. Y. 260; *Lemnos Broad Silk Works, Inc.*, v. *Speigelberg*, 127 Misc. 855); nor does the fact that the bailed property was stolen and damaged by the bailee's employee create any presumption of negligence on the bailee's part or in any way relieve the bailor from establishing the bailee's negligence as a condition to recovery. The only authority cited on this point is *Firestone Tire & Rubber Co.* v. *Pacific Transfer Co.* (120 Wash. 665; 208 Pac. 55). In that case the court said: " It is contended, however, that this rule should not be applied where it is shown that the theft was committed by a servant of the bailee. It is argued that the mere fact that the bailed property was stolen by the servant of the bailee, imposes upon the latter the burden of showing that he was without fault. No authorities are cited in support of this proposition, nor is any satisfactory reason given why such should be the rule. * * * The master is liable only for the negligence of his servant while in the performance of his duties. It has never been held that the

master is liable for the torts of his servant committed without the course of his employment. It needs no argument to show that the servant, in his act of thievery, is not in the performance of his duty to his master, and, therefore the master cannot be made liable for his acts. Any other rule would make the bailee an insurer of the honesty of his servant."

Where a bailor shows loss or damage of bailed property and the bailee gives no explanation of the loss or damage, the bailee is presumed liable therefor. But in this case the defendant bailee did show the cause of the damage and that the damage was caused by a theft of the bailed property which was in no way attributable to fault or negligence on the part of the defendant bailee. The case of *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.* (202 N. Y. 363), cited by the plaintiffs, is not in point. The statement in that case to the effect that if the trainman stole the rings it would have been no defense because the defendant was bound to employ faithful servants, is explainable by the fact that the defendant in that case was a common carrier and as such was liable for the willful and malicious acts of its servants toward or upon a passenger. (*Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 117.)

Verdict directed for defendant. Ten days' stay and thirty days to make a case.