[No. 28916.  Department One.  June 19, 1943.]

CARL RUBINSTEIN, *Appellant,* v. WASHINGTON COLD STORAGE COMPANY *et al., Respondents.*[1]

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for appellant.

*Ryan, Askren & Mathewson,* for respondents.

MALLERY, J.—This is an action by Carl Rubinstein, the appellant here and plaintiff below, to recover the reasonable value of nine barrels of whiskey stored with the Washington Cold Storage Company in Seattle, Washington.  Prior to commencement of the action, Washington Cold Storage Company dissolved by volun-

[1]Reported in 138 P. (2d) 852.

tary proceedings of the stockholders. All of the assets of the corporation were distributed to the defendant Pacific Fruit & Produce Company, a corporation, which was the beneficial owner of all of the stock of said corporation. The defendants Tom S. Patterson and W. A. Yeomans were each the owners of record of one share of stock, but beneficial ownership therein was vested in Pacific Fruit & Produce Company. The defendant C. L. Anderson was the liquidating trustee appointed by the stockholders to complete the dissolution of the corporation. For the purpose of this opinion, we will refer to the Washington Cold Storage Company as if it were the principal respondent, because all testimony and evidence relates to it.

On June 30, 1934, Northwest Distilleries, Inc., a Washington corporation, with its office in Seattle, Washington, stored in the warehouse of the cold storage company twelve barrels of whiskey, all of which were described in the negotiable warehouse receipt. Thereafter, three of said barrels were withdrawn and delivered by the defendant, leaving, remaining subject to the receipt, the nine barrels involved in this action.

The evidence shows that the warehouse receipt in question was pledged to National Bank of Commerce, Seattle, Washington, to secure advances made to Northwest Distilleries, Inc., to whom the warehouse receipt was issued. Those advances were guaranteed by Carl Rubinstein, who was later called upon to, and did, pay off the obligations due the bank, whereupon the warehouse receipt was assigned and delivered to him. For the purpose of this case, Carl Rubinstein may be considered as the owner of the warehouse receipt.

The complaint alleges that on or about July 1, 1940, upon inspection being made by the United States government liquor inspector of liquor in storage for the purpose of imposing Federal liquor tax, it was discovered that all nine barrels held by the storage company under said warehouse receipt were entirely empty and contained no whiskey whatever.

The respondents in their answer denied that there was any whiskey in the barrels at the time demand was made for delivery thereof, and, as an affirmative defense, alleged that the whiskey placed in storage was improperly packaged so that the same leaked out and was entirely destroyed and lost through no fault whatsoever of the Washington Cold Storage Company, or any of the defendants.

The controverted issue here relates solely to the question of whether respondent adequately performed its duties as bailee with respect to the nine barrels of warehoused whiskey. It is appellant's position that the evidence falls short of sustaining the essential findings upon which the decision was predicated. They are paragraphs VII, VIII, IX, and X of the findings of fact which are as follows:

"VII. On various occasions employees of the plaintiff and the Northwest Distilleries, Inc., and the defendant, Washington Cold Storage Co., went to said room together and withdrew whiskey from said barrels.

"VIII. At the time of the storage of said barrels and the issuance of said warehouse receipt as aforesaid, some of the barrels were leaking and the Washington Cold Storage Co. on divers and sundry occasions advised the plaintiff and Northwest Distilleries, Inc., that the said barrels were leaking due to improper cooperage and requested them to properly re-cooper said barrels but the evidence does not establish the proper repairs were made.

"IX. During the fall of 1938 the Washington Cold Storage Co. requested the Northwest Distilleries, Inc., and the plaintiff to remove all of its whiskey from said warehouse of the defendant and they did remove all the whiskey from said warehouse, excepting only the aforesaid nine barrels, which they failed and refused to remove. After the removal of the other whiskey which they had stored in said warehouse, they paid no further storage whatsoever on the said nine barrels.

"X. In September, 1938, the Washington Cold Storage Co. exhibited said barrels to the gauger of the Alcoholic Division of the United States Department of

Internal Revenue and the said barrels were then destroyed as they were entirely empty of any whiskey whatsoever."

After examining the record, we are not prepared to overturn the findings of fact made by the trial court.

The appellant contends:

"Even the trial court recognized the weakness of the evidence with respect to leakage. The court in his memorandum decision was unwilling to predicate the entire loss upon leakage and in doing so fell into obvious error. The memorandum decision follows: 'In my opinion, under the decisions of our Supreme Court in the cases of Firestone Tire & Rubber Co. v. Pacific Transfer Co., 120 Wash. 665, and Birk v. Bremerton, 137 Wash. 119, inasmuch as the loss was caused either by theft or by leakage, in order to recover, the burden was on the plaintiff to establish that such theft or leakage occurred because of the failure of the defendant to exercise ordinary care in the storage of the said goods; and not having done this, the defendant's motion for judgment of dismissal should be granted.' "

The appellant continues:

". . . but it is no excuse for the court merely to find that the loss occurred through leakage or theft, and then say it is up to appellant to prove which and how. In effect, when they say the loss occurred through theft or leakage it amounts to a specification of neither. The one cancels the other leaving the situation as devoid of explanation as before."

█ With this, we cannot agree. The trial court correctly held that, while there was actually leakage and while there was a possibility of theft of a portion, there was no negligence upon the part of the respondent, whose chosen employees had a record of honesty, and especially in view of the fact that employees of Northwest Distilleries, Inc., were permitted access to the room for the purpose of removal.

This case comes within the rationale of *Firestone Tire & Rubber Co. v. Pacific Transfer Co.*, 120 Wash. 665, 208 Pac. 55, 26 A. L. R. 217. In that case, certain

stored goods were stolen by the defendant's servants and employees. Nothing in the evidence disclosed lack of care in the selection of the employees and this court held that, in the absence of some such showing, there was not sufficient proof to establish a case. In that case, the court said:

"The question here is principally one of presumptions and burden of proof. If, when it appeared that the tires had been stolen by employees of the appellant, the burden then rested on it to show want of negligence, the judgment must be affirmed, because it did not offer any such testimony. If, on the contrary, when the fact of the theft was ·disclosed, the burden rested on the respondent to show such negligence of the appellant as contributed to the theft, then the judgment must be reversed, because it failed to produce such proof.

"It is the prevailing doctrine that in a suit of this character, when the plaintiff has proven a demand for the return of the goods bailed, and that the bailee has failed to return them, a *prima facie* case against the bailee has been made. This rule proceeds upon the theory either that the bailee, being in possession, knows better than any other person why he does not return them, or from a presumption that he actually retains the goods, and by his refusal to deliver them converts them to his own use. But when it is shown that the goods were stolen, the *prima facie* case or presumption is overcome and the duty of proving negligence rests upon the plaintiff."

It continues, p. 673:

"It has always been held that there is a presumption that the master has exercised due care in the selection of his servant. What is there, then, peculiar in a bailment case which should change this rule and require us to hold that the master is presumed to have been guilty of negligence in engaging his employees? We can see nothing. Where, in a personal injury case, the plaintiff alleges he has been injured because of the incompetency or unfitness of a fellow servant, the burden is always on him to allege and prove negligence on the part of the defendant in selecting and keeping the fellow servant. . . . There is no presumption of negligence on the part of the bailee from the mere

proof of loss by theft. *Knights v. Piella, supra.* Proof of loss by the theft of an employee is no more evidence of negligence than proof of loss through theft by anyone else."

The judgment is affirmed.

SIMPSON, C. J., MILLARD, STEINERT, and JEFFERS, JJ., concur.