[No. 12058.   Department Two.   February 18, 1915.]

## C. M. KINGSLEY, *Respondent*, v. STANDARD LUMBER COMPANY, *Appellant*, JESSE YOUMAN, *Defendant*.[1]

BAILMENT—LIABILITY OF BAILEE—NEGLIGENCE.  Upon a bailment of a team of horses for hire, with a driver furnished by the owner, whom the bailee put at other work, the bailee is liable for negligence of his own driver in the handling of the horses.

BAILMENT—NEGLIGENCE—BURDEN OF PROOF—PRESUMPTIONS.  Evidence that horses, hired to a bailee, were in good condition at the time of the bailment, and that one was returned in bad condition and the other not at all, raises a presumption of negligence on the part of the bailee, and shifts the burden of proof, in an action by the owner to recover damages.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 26, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel), for appellant.

*George M. Nethercutt*, for respondent.

MAIN, J.—The purpose of this action was to recover damages for injuries to a team of horses, alleged to have been

[1]Reported in 146 Pac. 369.

due to using them in a negligent manner. The cause was tried to the court and a jury. A verdict in the plaintiff's favor in the sum of $248.75 was returned by the jury. Upon this verdict, a judgment was entered. At appropriate times, a challenge to the sufficiency of the evidence was interposed, and motions for judgment notwithstanding the verdict and for a new trial were made, all of which were denied. The Standard Lumber Company has appealed.

About the middle of the month of December, 1912, the respondent hired to the appellant a team of horses to be used by the latter in a logging camp which it was then operating. The respondent provided a driver for the team in the person of his son, who is referred to in the testimony as a boy. After the son had driven the team for some days skidding logs, he was put at other work, and one of the appellant's employees, Ted Burke, was put in charge of the team. The son worked for a few days thereafter, when he returned home. Subsequently the team was injured, one horse having a puncture back of the left shoulder, from which injury it died, and the other walked sidewise.

The contract under which the team was hired was one of bailment for the mutual benefit of the parties. The appellant cites authority in support of the rule that, where a team is hired and the owner furnishes his own driver, the bailee is not liable for damages to the team while being driven by such driver. But this rule, conceding its soundness for the purpose of this case, is not applicable here. The team was injured after Ted Burke, one of the appellant's employees, had been put in charge as driver.

The cause was by the trial court submitted to the jury upon the theory that the appellant would not be liable unless it "took charge of the team and had its own driver in the custody of them," and unless negligence was shown. The jury were told that, while the burden was upon the plaintiff to establish negligence, yet, if it appeared from the evidence that the horses were in good condition at the time they were

received by the appellant and were in bad condition when they were returned, or that one of them was not returned at all, there would arise a presumption of negligence and cast upon the appellant the burden of showing that it had used reasonable care and caution. This instruction stated the correct rule of law as applied to the facts in this case. In *Nutt v. Davison*, 54 Colo. 586, 131 Pac. 390, 44 L. R. A. (N. S.) 1170, it was said:

"The general rule is, that in cases where the evidence shows that the property was delivered to the bailee in good condition and returned damaged, or not at all, the presumption of negligence on the part of the bailee instantly arises, making a *prima facie* case in favor of the bailor, and thereupon the bailee is under the necessity, if he would escape liability, of showing that the damage or loss was not due to his negligence. This may be done, *inter alia*, by showing that he exercised a degree of care, under all the facts and circumstances, sufficient to overcome the presumption of negligence.—*Union Pac. R. R. Co. v. Stupeck*, 50 Colo. 151; Schouler's Bailments and Carriers (3d ed.), § 23; 5 Cyc. p. 217; 3 Am. & Eng. Ency. of Law (2d ed.), p. 750; *Funkhouser v. Wagner*, 62 Ill. 59; *Higman v. Camody*, 112 Ala. 267."

This rule is recognized in *Patterson v. Wenatchee Canning Co.*, 53 Wash. 155, 101 Pac. 721, though it was there held that the rule was not applicable to the facts of that case.

Some of the rulings of the trial court upon the introduction of testimony are challenged. But we find no error in this regard.

The judgment will be affirmed.

CROW, MOUNT, FULLERTON, and ELLIS, JJ., concur.