[No. 15895. Department One. July 8, 1920.]

THOMAS S. BURLEY *et al.*, *Respondents*, v. HURLEY-MASON COMPANY, *Appellant*.[1]

BAILMENT (3)—CARE AND USE—NEGLIGENCE OF BAILEE—LIABILITY. A bailee of a scow for the mutual benefit of the parties is not liable as an insurer for damages that the scow may sustain, but only for failure to exercise ordinary care.

SAME (3)—PRESUMPTIONS. There is a presumption of negligence on the part of a bailee where the property was delivered to him in good condition and returned damaged, casting upon him the burden of showing ordinary care.

SAME (8)—EVIDENCE OF NEGLIGENCE—SUFFICIENCY. There is sufficient evidence that a scow was delivered to a bailee in good condition, where it appears that it would have capsized when loaded, if its bottom had been in the condition it was in when returned.

SAME (8). The presumption of negligence by a bailee from the fact that a scow, received in good condition, was returned with a damaged bottom, is not overcome, where the injury indicated that it had rested upon a hump on the beach where it had been moored.

DAMAGES (50)—MEASURE—EXPENSES INCURRED. The reasonable value of expenses incurred are sufficiently shown by evidence that towing charges were made at the rate fixed by the public service commission, and that other items expended were the reasonable value thereof.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 23, 1920, upon findings in favor of the plaintiffs, in an action

[1]Reported in 191 Pac. 630.

for damages to property in possession of a bailee, tried to the court. Affirmed.

*Stiles & Latcham,* for appellant.

*Remann & Gordon,* for respondents.

MAIN, J.—The purpose of this action was to recover damages to a scow. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law and judgment sustaining the plaintiffs' right to recover. From this judgment, the defendant appeals. The essential facts may be summarized as follows:

The respondents are copartners doing business under the firm name of Tacoma Tug & Barge Company. The appellant is a corporation organized under the laws of this state. The appellant was constructing a concrete base for a pavilion at Point Defiance, on the shore of Puget Sound, in the city of Tacoma. On or about the 27th day of June, 1919, the respondents delivered at or near the pavilion a barge loaded with sand and gravel. This barge remained in possession of the appellant for approximately three weeks. From time to time it was caused to be moved by the appellant from one location to another to accommodate its convenience in getting the sand and gravel from the scow and using it in the construction work. When the scow was redelivered to the respondents, its bottom at one place near one of the corners thereof was in such a damaged condition that it leaked badly. The boards were splintered, as though that point of the scow had rested upon some hard surface while the remaining portion of the scow was afloat. When the scow was first delivered, the captain of the tug boat refused to moor it in a place indicated by the superintendent of the works because he did not know the

nature of the bottom at that place. The parties admit that the relation created by the delivery of the scow was that of bailment for their mutual benefit.

Before taking up the consideration of the questions of fact, two rules of law should be stated, the first of which is that the appellant did not become liable as an insurer for any damage that the scow might sustain while in its possession, but only for the failure to exercise ordinary care. *Thompson v. Seattle Park Co.*, 94 Wash. 539, 162 Pac. 994. The other rule is that, in cases where property is delivered to the bailee in good condition and returned damaged, a presumption arises of negligence on the part of the bailee and casts upon him the burden of showing the exercise of ordinary care. *Patterson v. Wenatchee Canning Co.*, 53 Wash. 155, 101 Pac. 721; *Kingsley v. Standard Lumber Co.*, 84 Wash. 189, 146 Pac. 369.

With these rules of law in mind, attention will now be given to the questions of fact presented by the appeal. It is first claimed that there is no showing that the scow was in good condition at the time it was delivered. The trial court, on this question, found that it was in "good repair and condition." While the direct evidence upon the matter was general, it is amply sufficient, when supported by other circumstantial evidence, to sustain the finding. The captain of the tug boat which towed the scow to its first mooring testified that it was in good condition then. The evidence further shows that, had it been in the leaky condition that it was at the time it was redelivered by the appellant, it could not have been towed while loaded, because it would have capsized. To establish that the bottom of the scow was in good condition at the time of the delivery, when it was drawing approximately seven feet of water, it was not necessary that some

one should have gone beneath it and examined its condition.

It is also claimed that the court failed to find, and the evidence failed to show, that the appellant did not exercise ordinary care to protect the scow from damage while it was in its possession. The court specifically found that it was in good condition at the time of delivery, and that, when redelivered, it was in a "leaky and bad condition with the bottom planks sprung and broken," and in one of the conclusions recited that the "damage was caused wholly by the carelessness and negligence of the defendant." Under the rule of law second above stated, the fact that the scow was delivered in good condition and redelivered in bad condition would raise a presumption of negligence and cast upon the appellant the burden of showing that it had exercised ordinary care. The character of the injury sustained by the scow was such as to indicate that the injured portion had rested upon a knob or hump, while the balance of the scow was afloat. There was evidence that, at one point where it was caused to be moored by the appellant, there was a hump on the beach upon which the scow would rest when the tide receded. The trial court was right in its conclusion that the presumption arising from the fact of injury was not overcome by the evidence.

Finally, it is claimed that the items of damage were charged at arbitrary rates without regard to the reasonable value. One of the items complained of was towing charges which the respondents were required to pay on account of the damaged condition of the scow. The evidence shows that these charges were made at a rate fixed by the public service commission. The other items complained of are supported by evi-

dence that the amount expended for each item was the reasonable value thereof. The proof, therefore, meets the requirement of the rule stated in *Torgeson v. Hanford,* 79 Wash. 56, 139 Pac. 648.

The judgment will be affirmed.

HOLCOMB, C. J., PARKER, MACKINTOSH, and MITCHELL, JJ., concur.