O. B. BURRICHTER, Appellee, v. P. D. BELL, Appellant.

**TRIAL:** Instructions—Limiting Recovery. Instructions reviewed, and
1  held to properly limit recovery to the amount claimed in the plead-
.ings.

**TRIAL:** Instructions—"Ordinary Care." "Ordinary care" does not
2  embrace that degree of care which is possessed by men of extraor-
dinary endowments and capacities.

*Appeal from Jones District Court.*—F. O. ELLISON, Judge.

SEPTEMBER 28, 1923.

ACTION on an account for materials furnished and labor per-
formed on defendant's automobile. Defendant denied any value
as to all of the account except a few items, and pleaded a coun-
terclaim for damages to his automobile in attempted repairs.
The jury returned a verdict in favor of plaintiff. Defendant
appeals. Facts appear in the opinion.—*Affirmed.*

*George C. Gorman,* for appellant.

*Remley & Remley,* for appellee.

ARTHUR, J.—Appellee, Burrichter, at the time in question
was the owner and operator of a garage at Monticello, Iowa,
and was engaged in the business of repair of automobiles. About
September 1, 1920, appellant, Bell, took his car to appellee's
garage, to have it repaired. In about two months, the car was
repaired and returned to appellant. After appellee had ren-
dered several itemized statements, appellant, in January, 1921,
refused payment of the account. In March, 1921, this action was
begun, for collection of the account. The account sued on was
in the amount of $116.90. Appellant answered, admitting that
he had been furnished the materials and labor mentioned in
the first seven items of the account, aggregating $11.45. Appel-
lant did not deny having been furnished by appellee with the
remaining items of the account, but alleged that such items were

of no value, and pleaded a counterclaim, demanding damages in the amount of $250, based on negligence and incompetency of work in attempting to repair the car. The case was submitted to the jury, and a verdict returned in favor of appellee for $114.20. Judgment was entered on the verdict, from which this appeal is taken.

I.   Questions of fact only were involved. In assignment of errors relied upon for reversal, appellant challenges, in a vague way, Instructions Nos. 2, 3, 4, and 5.

II.   Complaints of Instruction No. 2 are that in it the court failed to tell the jury that no more should be allowed on any single item of the account sued on than was claimed by appellee; that the court should have specifically limited the amount of recovery on each item of the account, but failed so to do; that the instruction did not limit the amount which appellee would be entitled to recover, to the aggregate amount claimed; that said instruction was erroneous because, in effect, it stated that appellee was entitled to recover on the account sued on, even if appellant had established his defense, unless appellant also established his counterclaim. Appellant's criticisms of the instruction are without merit. The instruction limited recovery to the amount claimed for each item and for the items in aggregate, by reference to the itemized account which was set out in the statement of issues, by this language:

1. TRIAL: instructions: limiting recovery.

"As mentioned in the bill of items set out in plaintiff's petition, at times and as stated therein, or some portion of them."

This instruction was only as to appellee's right of recovery, and did not apply to the defense and right of recovery of appellant. In said instruction and in Instruction No. 4, the court told the jury that appellee could not recover unless the jury found that the articles and labor were furnished in accordance with the itemized account, and further, that their verdict must be for appellant if they found that appellant was entitled to recover on his counterclaim in an amount equal to or greater than that found for appellee.

III.   Appellant assigns as error the giving of Instruction No. 3, wherein the court gave the usual and proper instruction as to an account stated. The complaint is that there was no

evidence to warrant the instruction. Appellee sent to appellant itemized statements of the account on November 1 and December 1, 1920, and on January 1, 1921. Appellant made no complaint, and did not refuse payment of the account until some time in January, 1921. There was some attempt by appellant to deny receiving the said itemized statements; but this was a question for the jury, and the jury was correctly instructed on this point. Under the record, it was not error to give such instruction.

IV. Complaint is made as to Instruction No. 4 that it placed too great a burden on appellant, in that it directed the jury that, if they found that plaintiff was not skilled, or did not do the work on defendant's car in an ordinarily careful, skilled, and workmanlike manner, but did it in such a careless, unskilled, and unworkmanlike manner as to injure and damage said car, and in an amount equal to or greater than the sum claimed by the plaintiff in his petition, then the verdict should be for the defendant. Appellant urges that this instruction authorized the jury to find for appellee, notwithstanding that appellant may have established that appellee was not skilled in his business, or did not do the work on his car in an ordinarily careful, skilled, and workmanlike manner, unless appellant further established that the injury and damage to his car were equal to or greater than the appellee's account. Such criticism of the instruction is without merit. Said Instruction No. 4, together with Instruction No. 2, contains a statement to the jury of the law with reference to plaintiff's recovery; and said Instruction No. 4 specifically states that plaintiff cannot recover in case they find that defendant has been damaged in an amount equal to or greater than the amount claimed by plaintiff and found for him. Said Instruction No. 4 recognized the theory of appellant, and told the jury that appellee was not entitled to recover if they found that appellant had been damaged, as claimed by him.

V. Complaint is made of Instruction No. 5, which defines the term "ordinary skill." The instruction given was:

"You are instructed that ordinary skill, as that term is used in these instructions, means that degree of skill which men engaged in that particular line of business usually possess and

**2. TRIAL: instruc-tions: "ordinary care."** employ in doing such work; not that which belongs to a few men only, of extraordinary endowment and capacities, but such as is generally possessed by men engaged in the same kind of business, in and about the town of Monticello.''

We see no fault in the instruction. It is the instruction ordinarily given and approved, as applied to a mechanic. The definition of ''ordinary skill,'' as applied to a mechanic, is aptly stated in *Baltimore Baseball C. & E. Co. v. Pickett*, 78 Md. 375 (44 Am. St. 304), wherein the Maryland court said:

''In cases of this sort he must be understood to have engaged to use a degree of diligence and attention and skill adequate to the performance of his undertaking. Ordinary skill means that degree which men engaged in that particular art usually employ; not that which belongs to a few men only, of extraordinary endowments and capacities.''

VI. Appellant makes a blanket complaint to all of the instructions. We have considered the particular complaints made. The sum of all of the complaints made by appellant is that his theory of the case was not properly presented in the instructions. Such complaint is without merit. We find no error in the instructions. The instructions read together, and as a whole, correctly and concisely submitted the case to the jury. Results in affirmance of the case.—*Affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.