# EMORY GREENWOOD v. C. O. JACK.[1]

July 13, 1928.

No. 26,807.

**Finding sustained that defendant's negligence was proximate cause of plaintiff's injury.**

1. Plaintiff had defendant repair a timer on a Ford car. A cotter key, connecting the timer with the rod running to the steering wheel on which is attached the lever used in retarding or advancing the spark, was taken out. The first time plaintiff thereafter cranked the car it backfired and broke his arm. The cotter key was then not in place, and the spark control was off the timer case. *Held*, evidence supports a finding that defendant was guilty of negligence, in not replacing the key, which was the proximate cause of the injury.

**Contributory negligence.**

2. Plaintiff's contributory negligence was for the jury.

**Amendment of complaint sustained.**

3. The court did not abuse its discretion in granting an amendment to the complaint.

Motor Vehicles, 42 C. J. p. 816 n. 63; p. 817 n. 67.
Pleading, 31 Cyc. p. 370 n. 15; p. 399 n. 83.

Action in the district court for Hennepin county to recover damages for injuries received as the result of defendant's negligence in repairing plaintiff's Ford car. There was a verdict of $700 for plaintiff, and defendant appealed from an order, Guilford, J. denying his alternative motion for judgment or a new trial. Affirmed.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellant.
*John G. Priebe,* for respondent.

WILSON, C. J.
Defendant appealed from an order denying his alternative motion for judgment non obstante or a new trial.

[1] Reported in 220 N. W. 565.

Plaintiff owned a Ford car. One cylinder did not work. He drove into defendant's garage where a mechanic, in an effort to adjust the trouble, removed the cotter key from the rod attached to the timer, which he took out, cleaned and replaced for a charge of 50 cents. The rod extends to the steering wheel where it has a lever which is used in advancing or retarding the spark. It will not function if the cotter key is not in place to hold the connection with the timer.

Plaintiff drove the car from the garage about two miles to his home, from which on the following morning he started the car by releasing the brakes and allowing it to roll downhill. He drove the car eight miles and parked it. In a few hours he cranked the car and it backfired and broke his arm. An examination disclosed that the cotter key was not in place, and the spark control rod was off the timer. The adjustment of the lever on the steering wheel to retard the spark was ineffectual, and the spark was in fact "advanced;" hence the "kick"—it being unsafe to crank a car with the spark advanced.

1. The evidence is that if the cotter key is not in place the rod falls out, the timer remains advanced, and that it will backfire if cranked while the spark is so advanced. This accident happened the first time the car was cranked after being in defendant's garage where the cotter key was taken out. There is no direct testimony that it was or was not put back. It was not in immediately after the accident. In actions of this character it is not necessary that the connection of cause and effect between the negligent act and the injury be established with absolute certainty. All that is necessary is that the evidence furnishes a reasonable basis from which the jury may conclude that the act complained of was the proximate cause. Of course the gist of this action—the failure to replace the key—may be established by circumstantial evidence. The established facts and circumstances, in our judgment, were such as to support the finding of the jury that the alleged negligence actually caused the accident.

2. The question of plaintiff's contributory negligence was for the jury.

3. The complaint accredited the negligence involved to repairing the carburetor. At the opening of the trial plaintiff's motion to amend the complaint by changing the word "carburetor" to "timer" was granted over the objection of defendant. No continuance was asked to prepare to meet the new issue. The character of the amendment was such, under the facts in this case, that its allowance was without prejudice to defendant and was within the discretion of the court.

Affirmed.