27213. THOMSON MOTOR COMPANY *v.* STORY.

DECIDED FEBRUARY 8, 1939.

*B. J. Stevens,* for plaintiff in error.
*Randall Evans Jr., J. R. Evans,* contra.

SUTTON, J. ■ Mrs. Margaret Story brought suit against the Thomson Motor Company and alleged that she turned her automobile over to the defendant to be repaired, and that on account of defective workmanship and placing the wrong kind of parts in said automobile it was damaged to the extent of $188, for which amount she prayed judgment. The defendant answered, denying liability, and alleged that the plaintiff was indebted to it in the sum of $40.99 for material furnished and work done on the automobile. The case proceeded to trial, and the plaintiff introduced evidence to the effect that the defendant repaired her automobile in an improper manner, thereby damaging it in the amount claimed

by reason of defective workmanship and by placing the wrong kind of parts in it, and that she had expended $188 on account of said defective repairs on her car by the defendant. The defendant's evidence was to the effect that the work it did on the plaintiff's automobile was done in a proper and skillful manner, and that whatever damage may have been occasioned to plaintiff's car was due to other causes than any repairs that may have been made on it by the defendant. The jury returned a verdict in favor of the plaintiff for $75, "plus cancellation of" defendant's bill against the plaintiff. The defendant made a motion for new trial, which was overruled, and the exception is to that judgment. Although the evidence was conflicting, the verdict returned by the jury was authorized.

■ The first ground of the amended motion for new trial complains of the following charge of the court, "She [the plaintiff] contends that, while they [the defendant] made repairs on the Auburn automobile, the repairs were not done in skillful and workmanlike manner, and that there has been a failure of consideration as to the work done. In other words, she contends that she has not gotten value received for the $188.08 which was paid to the Thomson Motor Company," the error assigned thereon being (a) that it was not contended by the plaintiff that she paid the defendant $188 and that she had not gotten value received therefor; (b) that such charge would have authorized the jury to have found a verdict for some portion of the $188, and also for defective material and workmanship, thus converting the suit into both an action of tort and contract. The charge complained of was adjusted to the pleadings and the evidence and was not error. The suit was for damages to the plaintiff's automobile on account of defective workmanship and material, and the plaintiff in this connection testified, among other things, that she had expended $188 .on account of said improper repairs to her automobile. This was relevant and material for the purpose of showing the extent of damages to the automobile.

■ The second special ground is that the court erred in charging the jury, "The defendant has come in and filed an answer to plaintiff's petition, in which it alleges and sets up that it did the work on the Auburn car, and further says that the work was done in a skillful and workmanlike manner, and if the work did go to the

bad it was due to no fault of the defendant and was due to other causes," movant contending that this charge was not authorized by the answer or the evidence. This exception can not be sustained, as the defendant alleged in its answer that the plaintiff was indebted to it for material furnished and work done on the automobile; that it was then and at all times able to repair that or any other automobile, and it introduced evidence to show that the repairs made by it on this car were properly made, and that if the car was damaged it must have been due to other causes.

■ The third special ground of the motion excepts to the charge of the court that if the work done by the defendant on the automobile was not done in a skillful and workmanlike manner, such as done by persons holding themselves out in like trades and business, the jury would be authorized to find in favor of the plaintiff for such an amount as the evidence might warrant, and, if the work on the car was done in said manner, the jury would be authorized to return a verdict for the defendant. Movant contends that the expression, "such as done by persons holding themselves out in like trades and business," was not the proper standard by which to judge the work on the car, and that the court gave no standard by which to measure this work and its sufficiency. The charge complained of was not error for the reason assigned, as the plaintiff introduced evidence that the work done on the car by the defendant was not done in a skillful and workmanlike manner, and the defendant introduced evidence to the effect that it was done in that manner. The charge was adjusted to the evidence and was not an erroneous instruction as contended by movant.

■ The exception to the exclusion of the testimony of the witness as stated in the fourth ground is without merit, as his testimony referred to a different model automobile than the one repaired by the defendant, the parts of the two not being interchangeable.

■ The evidence authorized the verdict; and no error of law being shown, the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*