G. L. Lathrop, Appellant, v. Goodyear Tire and Rubber Company, Inc., Appellee.

Gen. No. 9,454.

at the February term, 1945. Heard in this court Opinion filed February 28, 1945. Released for publication March 27, 1945.

CARSON & APPLEMAN, of Urbana, for appellant.

HENRY I. GREEN and ORIS BARTH, both of Urbana, for appellee; H. O. SWEANY, of Akron, Ohio, of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.
Plaintiff appellant, G. L. Lathrop, filed suit in the circuit court of Champaign county seeking recovery from defendant appellee, Goodyear Tire and Rubber Company, of damages to the automobile of plaintiff alleged to have been incurred while in the custody of defendant as a bailee for hire when stored in the latter's garage in Champaign, Illinois, as the proximate result of defendant's negligence. Defendant filed a motion for a directed verdict in its favor at the close of plaintiff's evidence which was denied and at the close of all the evidence, the motion was renewed and

ruling thereon was reserved by the court until after return of a jury's verdict. A verdict was returned in favor of the plaintiff. Defendant thereupon filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial. The court granted the motion to set aside the verdict and entered judgment in favor of the defendant notwithstanding the verdict in bar of suit and for costs. From this judgment, the plaintiff has appealed.

Error by the trial court is assigned (1) in setting aside the verdict and in entering judgment notwithstanding the verdict in favor of defendant and against the plaintiff; (2) in reserving its ruling upon defendant's motion for a directed verdict at the close of all the evidence, after overruling a motion by defendant for a directed verdict at the close of the plaintiff's evidence.

The uncontradicted material facts are in substance as follows: On July 17, 1943 plaintiff, a traveling agent for Eureka College, had left his 1941 Ford sedan with the defendant proprietor of a public garage for storage of the car over the week-end at the rate of fifty cents per night; that while in the custody of the defendant as bailee, the motor vehicle sustained damages and upon its return to the plaintiff owner, the cost of repair and loss of use of the automobile was shown to be $480.56. Plaintiff proved delivery of the car in storage to the defendant bailee for hire and the return of the car in the damaged condition, which, standing alone, would have made a prima facie case. However, plaintiff also placed upon the stand several witnesses to show the manner in which the car was damaged and to show alleged negligence by the defendant proximately causing the same. In making this additional proof as a part of his case, plaintiff showed that defendant had on the Monday previous to the time when his car was left at the garage, employed a boy named Herschel Edwards, aged 16 years, to work about the

garage; that at the time of the employment, defendant was given three references in the boy's written application for work, two from former employers in Champaign and one in another community; that defendant had by telephone called up the boy's most recent employer, a contractor in Champaign named Carrothers by whom the boy had been employed during the previous two months and was told by Carrothers that the boy was "absolutely O. K. as far as he was concerned. Good work. No trouble as to dishonesty and would rehire again if needed any help." All the information the defendant then had concerning the boy was favorable and he was put to work on Monday morning and remained at work during the balance of the week until Saturday evening when he received his week's pay and went off duty for the week-end. To two letters of inquiry which had been written to the remaining former employers, no answer came during the week and on Saturday evening, Mr. Daigh of the defendant company called another of the former employers, a restaurant man, by telephone, who responded that the boy was no good as a workman and was caught stealing. A memorandum was made of the incident at the time by Mr. Daigh at the bottom of which was entered the words "Discharged 7–17–43."

Between nine and eleven o'clock on Saturday night, Edwards and three other boys got together in a billiard room and decided that they wanted to go to Rantoul to attend a Fair. They asked another boy to take them to Rantoul in his automobile but he refused. Edwards testified that he then said "Well, we might get in the garage down there and get a car. So we went down there and three of us crawled through the window that had the catch broken on it." This window was one of numerous windows in defendant's garage, sales and service station building of dimensions 160 by 90 feet. The large windows consisted of a number of outer window panes with a smaller inner window in the

center of each, so that when its metal frame was pulled open, there was a space of 18 to 20 inches in width through which the boys testified that they crawled onto a pile of automobile tires lying against the east inside wall of the building. The window sill was located about six feet above the ground and the boys assisted each other in getting up to the window sill and then to the upper inset window through which the entrance was made. There was a latch on the bottom of this particular inset window which had been broken and by use of sufficient force in pressing this window inward, the boys were able to open it and enter. When inside, they were able to force a padlock secured with hasps over staples holding a double sliding door in a locking device and to thereby roll the doors open and procure an exit for the cars. It further appears from plaintiff's testimony that the boys tried plaintiff's car door but found it locked; that they then took a Bell Telephone Company service car which was open, with keys in the lock, and drove it out of the doors and to Rantoul about fourteen miles distant; that they returned near midnight to Champaign; that they backed this car into a light post and bent the fender and then took it back to the Goodyear building and parked it; that they then decided to go in and see if they could get another car; that when they took the telephone company's car, they had no thought of coming back for another car but "We brought it back because it wouldn't go but forty miles an hour"; that after again unsuccessfully trying the doors on plaintiff Lathrop's car, they went to the office room and found keys hanging over the manager's desk; that they brought them out but could not fit them in the locks of the car doors; that they then found one of the car windows lowered from the top sufficiently for one of the boys to get a hand through and open the inside lever of the car door and thus gain entrance; that they finally found the key that would fit the ignition lock and drove the car from

the garage to Tolono where they turned it over in a ditch, caught a bus back to Champaign and went to their respective homes in taxis; that on the next morning at about eleven o'clock they were arrested by State police. Supplemental to the above testimony, the defendant placed the assistant manager Russell Daigh upon the stand who recited or corroborated in substance the above testimony; told of employing the boy; of the inquiries concerning the reliability of the Edwards boy and that before leaving the garage on Saturday evening, witness had gone the rounds and locked all of the doors and windows of the garage building. He testified that in the center window to which entrance was gained, the pin on the end of the rod installed to close the window had been broken and that a bolt was dropped through the slot to fasten the window in the same place that the pin on the end of the rod had been inserted. The boy Edwards testified that he was able to press this center window open with his hand. Mr. Altherr, manager, had been called by the plaintiff and testified in cross-examination under section 60 of the Civil Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060]. All of the foregoing testimony except that of witness Daigh was part of the plaintiff's proof and with such part of the testimony of the defendant's manager Altherr given on cross-examination as was undisputed, was offered by and binding upon the plaintiff.

If the testimony, with reasonable inferences therefrom failed to show the negligence charged against the defendant, as alleged in the complaint, the trial court properly granted defendant's motion for a judgment notwithstanding the verdict.

We will first rule upon the second assignment of error contending that the court was not authorized by the statute to deny the motion at the close of plaintiff's evidence and reserve decision on a motion for a directed verdict at the close of all the evidence

until after the jury's verdict and then grant judgment in favor of the defendant notwithstanding the verdict.

Section 68 (3) a, of the Civil Practice Act, Ill. Rev. Stat. 1943, ch. 110, par. 192 [Jones Ill. Stats. Ann. 104.068, subpar. (3) a], provides "Hereafter, in all civil actions at law, in courts of record, if either party shall at the close of the testimony, and before the case is submitted to the jury, request the court for a directed verdict in his favor, the court may reserve his decision thereon, and submit the case to the jury under proper instructions as to the law applicable to such case." In construing this language, it is said in *Goldberg v. Capitol Freight Lines,* 382 Ill. 283, 296, 47 N. E. (2d) 67, quoting from *Dixon v. Smith-Wallace Shoe Co.,* 283 Ill. 234, that "It may be further said that on a motion to direct a verdict at the close of plaintiff's evidence of course only the evidence introduced by the plaintiff is to be considered, but if, after that, the defendant himself offers evidence and again offers said motion, the question whether there is sufficient evidence to sustain the judgment is to be determined from all the evidence in the record, as well that offered by the defendant as that offered by the plaintiff." At page 295 it was there further said that "By its terms, the statute authorizes the reservation of such a motion made 'at the close of the testimony,' but is silent as to one made at the close of plaintiff's evidence. Obviously, had it been the legislative intent to extend the privilege to a motion made at the close of plaintiff's case, appropriate language could easily have been added to effectuate such intention." On a motion to direct a verdict at the close of the plaintiff's evidence only the evidence introduced by the plaintiff is to be considered, but if, afterwards, the defendant himself offers evidence and again offers said motion, the question whether there is sufficient evidence to sustain the judgment is to be determined from all the evidence in the record. *Dixon v. Smith-Wallace Shoe Co.* (p. 243),

*supra.* We hold that there is no force in the appellant's contention that the trial court erred in reserving its ruling upon defendant's renewed motion for a directed verdict at the close of all the evidence and in entering judgment *non obstante veredicto,* after having overruled the motion by defendant for a directed verdict at the close of the plaintiff's evidence.

The appellant further contends that the plaintiff, by introducing proof of delivery of bailment to the bailee for hire and the latter's failure to return the bailment in good condition upon demand with proof of damages, constituted prima facie proof of a cause of action, which required the defendant to then show affirmatively that it was free from negligence. This is a correct statement of the law. However, when proof of lack of negligence affirmatively appears from plaintiff's testimony, the necessity for that proof by the defendant is obviated; although, upon motion for a directed verdict at the close of all the evidence, all of the testimony will be considered in the light most favorable to the plaintiff in passing upon that question.

This court discussed the applicable rule concerning prima facie proof in the case of *Vigeant v. Nelson,* 140 Ill. App. 644, which involved the loss of a trunk stolen from a hotel guest wherein the guest brought suit against the proprietor as a bailee for hire, alleging negligence on the part of the defendant either in the care of the trunk or in the employment of servants. In *Clemenson v. Whitney,* 238 Ill. App. 308, 312, we said: "The effect of this rule is, not to shift the burden of proof from plaintiff to defendant but simply the burden of proceeding. The bailor must in all instances prove that the bailee was negligent; but when she shows that the goods which she intrusted to the bailee's care were not delivered upon demand she has made out a prima facie case or created a presumption of negligence which the bailee may overcome by offering evidence to show that it was not negligent, and if it produces such evidence, the bailor, in order to make out

her case, must show that the bailee was, in fact negligent and that its negligence caused the loss or contributed thereto.'' The rule was aptly stated by the late Mr. Justice JONES in *Beard v. Haskell Park Bldg. Corp.,* 248 Ill. App. 467, 473, as follows: ''It is well settled that a bailee for hire is not an insurer but owes the bailor a duty of ordinary care. As bailee, appellant was bound to exercise such care and diligence as every prudent man takes of his own goods of like character. Ordinary diligence means that degree of care, attention or exertion, which under the circumstances, a man of ordinary prudence and discretion would use in reference to the particular thing, were it his own property. . . . The bailor in all instances must prove that the bailee was negligent; but when he shows that the goods which he intrusted to the bailee's care were not delivered upon demand he has made out a prima facie case or created a presumption of negligence, which the bailee may overcome by offering evidence to show that he was not negligent. . . . It is also the rule that where the failure to deliver is explained by the fact that the goods have been stolen, or destroyed by fire, and the bailee is no longer able to deliver them, the law will not presume negligence, and the onus or burden of proving the same is upon the bailor.'' The above principles of law were again announced and approved by this court in the case of *Beatrice Creamery Co. v. Fisher,* 291 Ill. App. 495, 500, 10 N. E. (2d) 223. In the latter case quoting language from *Langendorf Clothing Co. v. Fara,* 272 Ill. App. 160, we said ''under the old common law rule, a bailee was not liable for theft, acts of God, or the public enemy, or where the goods were taken by violence. This rule, however, has been modified, but the bailee is still not liable for theft unless this occurred through his negligence.''

While the question of whether or not the bailee was guilty of negligence is one of fact and not of law when the material evidence upon that issue is in con-

flict, we hold from the uncontroverted evidence in the record with all reasonable inferences therefrom which evidence was adduced by the plaintiff supplemented by that of the defendant, that the bailment was stolen from the custody of the defendant from a locked garage during the nighttime by three boys none of whom were in the building in course of or during the time of any employment: that the uncontroverted evidence further shows that the defendant had locked and closed the building; that entrance was gained by the use of sufficient force to press open one of the windows during the nighttime by commission of the crime of burglary, whether the window catch was or was not broken, followed by forcing open the hasp and padlock on the doors; by procurement of the keys from the office and using sufficient force to gain entrance to plaintiff's car and then driving it away without the knowledge or consent of the defendant. A bailee is not an insurer against loss or injury to the bailment, but is charged with the exercise of such reasonable care as an ordinarily prudent person would exercise under the same or like circumstances in the protection of his own property. While the Edwards boy gained previous knowledge concerning the structure and means of possible entrance and exit to and from the building, it cannot be said as a reasonable inference from this testimony nor from the failure of the defendant to gain advance knowledge as to his character from every possible source of inquiry before employing him under the particular facts and circumstances detailed in the testimony, followed by the burglarious entry of the boys into the building, constituted proof of actionable negligence or want of ordinary care on the part of the defendant.

We hold that the trial court properly reserved its decision upon defendant's motion at the close of all the evidence and that in granting defendant's motion for

a judgment notwithstanding the verdict, under the facts and circumstances disclosed by the record, the court committed no reversible error. The judgment of the circuit court of Champaign county is therefore affirmed.

*Judgment affirmed.*