FEAY, Appellant, v. MILLER, Respondent

(31 N. W.2d 328.)

(File No. 8967. Opinion filed February 25, 1948.)

**Hugh S. Gamble** and **Gene E. Pruitt,** both of Sioux Falls, for Plaintiff and Appellant.

**Caldwell & Burns,** of Sioux Falls, for Defendant and Respondent.

SMITH, J. Plaintiff's automobile was stolen from defendent's public parking lot. It was recovered in a damaged condition. Plaintiff seeks to recover his damages from defendant on the theory that defendant was a bailee of the car and the theft the result of his breach of duty. The trial was to the court and resulted in a judgment for defendant. Plaintiff has appealed.

Defendant operates a public parking lot in the business district of Sioux Falls. It faces east at 217 South Main Street and is 66 feet wide and 150 feet long. Buildings bound it on the north and south, and an alley extends along the west side. A wire fence with a sliding gate is across the west end. A 20-foot break in the curb line at the center of the front of the lot permits customers to drive in from the east. A small shack against the building on the south serves as an office.

The defendant and one employee operate the space. They report for work at about eight o'clock in the morning

and usually are gone by nine at night. It is their practice to stay with the crowd. Therefore, on occasions of special activity they have been there until one or two o'clock A.M. They do not stay at the lot on Sunday. The defendant usually goes to the lot just after church on Sunday, and two or three times later in the day for the purpose of putting cards on transient cars and asking them to deposit 25¢ in a slot provided for that purpose in the office door.

Plaintiff operated a business across the street from the lot. He had parked his car on an hourly or daily basis for a number of months. On August 17, 1946, he paid defendant $4 for the privilege of using the lot for a month from that date. In the course of his use of the lot prior to the day his car was stolen, on certain occasions he had driven into the center of the lot and turned the car over to defendant with the keys in the ignition, and on other occasions, when the keys had not been left in the car, defendant's employee had gone to plaintiff's store, secured the keys, and left them in the car. The evidence did not establish a request by defendant that plaintiff leave the keys in the car or with defendant. The conversation between the parties when the monthly arrangement was made was very brief. At no time did defendant advise plaintiff whether he or his employee would be in attendance on Sunday, or as to the time they would leave at night.

On Sunday the 25th of August 1946, about noon, plaintiff drove onto the lot and parked his car against the building to the south with the keys in the ignition lock. He saw neither plaintiff nor his employee in attendance at that time. He saw some other cars on the lot and testified that he assumed defendant and his man had gone to lunch. When he returned for the car about six o'clock it was gone. He reported the loss to the police but said nothing to defendant or his man until one or two days later.

Defendant testified that he was at the lot three of four times during that Sunday following his usual practice of checking on transients but did not see plaintiff's car on the lot, and did not know it had been stolen until so informed by his man two days later.

The trial court found the car had not been delivered to defendant and concluded that defendant was not liable for plaintiff's damage.

As indicated, the theory of the plaintiff is that defendant became a depository or bailee for hire. SDC 60.0101 and 60.0102. Possession by the bailee is of the essence of a deposit or bailment. 8 C. J. S., Bailments, § 15; 1 A. L. R. 394; Burns v. State, 145 Wis. 373, 128 N. W. 987, 140 Am. St. Rep. 1081; Wentworth v. Riggs, 159 App. Div. 899, 143 N. Y. S. 955. In the absence of a controlling express contract, whether a bailment arises, when an automobile is parked in such a space as defendant operates, turns on whether the possession and control of the car is retained by the driver or delivered to the operator of the lot. 24 Am. Jur. 493, § 29. The cases are classified in Sandler v. Commonwealth Station Co., 307 Mass. 470, 30 N. E.2d 389, 131 A. L. R. 1175. Each case turns on its peculiar facts. In general it may be said that if the attendant but indicates where the car is to be placed, and the driver locks it and pockets the keys, the inference is that the possession and control remains with the driver, and hence the conclusion is that the relation of bailor and bailee is not established. On the other hand, if the car is handled by the attendant, the keys left in the ignition, and a ticket issued for identification on redelivery, the almost universal inference is that possession and control has passed to the operator of the lot and it is held to be a bailment.

Plaintiff failed to establish a controlling express contract. The evidence reveals no more than the payment of $4 for the privilege of parking during the month following August 17, 1946. We do not doubt but what delivery of the possession of plaintiff's car to the defendant in the exercise of this privilege so to park would have given rise to the relation of a deposit or bailment for hire. SDC 60.0102. And we think it would have been reasonable to infer such a delivery of possession from such a circumstance as a request by the person in attendance that the keys be left in the car or from his conduct in taking charge of the car and its keys. It is the presence of the operator or his employees

on the lot considered in connection with their handling of the car which, in our opinion, would have justified the inference of an intention to accept the control and possession of the car in the described circumstances.

 This is not such a case. Plaintiff, in this instance, exercised his privilege to park on Sunday. His contract did not provide for attendance on Sunday, and he noted that the lot was unattended as he placed his unlocked car thereon with the keys in the ignition. His assumption that the attendant had gone to lunch was not induced by defendant. It is not shown that defendant or his employee discovered the car on the lot after it had been so parked. In these circumstances, we are of the opinion that it would be unreasonable to infer an intention on the part of defendant to accept possession and control of the car.

Because we think plaintiff could not reasonably interpret defendant's conduct in handling cars when he or his helper were in attendance as an invitation or request to leave his car unlocked and the keys in the ignition when exercising his privilege to park at a time when they were off duty, we are of the view that such evidence was without logical relevance in determining whether the instant parking gave rise to a bailment.

It follows we are of the opinion that the trial court did not err in concluding that plaintiff had failed to establish a bailment.

The judgment of the trial court is affirmed.

All the Judges concur.