CARTY, Appellant, v. LEMMON AUTO COMPANY, Respondent

(37 N. W.2d 454.)

(File No. 9040. Opinion filed May 9, 1949.)

Rehearing Denied June 17, 1949.

**Frank P. Kinney,** of Lemmon, for Plaintiff and Appellant.

**H. R. Jackson,** of Lemmon, for Defendant and Respondent.

ROBERTS, J.  An automobile belonging to the plaintiff and left for the purpose of having it repaired was stolen in the nighttime from defendant's garage and damaged before it was recovered.  Plaintiff brought this action seeking to recover the amount that he had paid for repairs and expenses incurred in recovering the car.  In his complaint plaintiff alleged that he left with defendant the car for repairs, that defendant failed to exercise due care for its safekeeping, that the car was damaged, and that the damage

resulted from the negligence of the defendant. Defendant admitted that the car was delivered at its garage, but denied that it had failed to exercise due care. The court granted motion for a directed verdict, at the close of all the evidence, and entered judgment in favor of defendant. Plaintiff has appealed.

Defendant operates a garage and repair shop in Lemmon. Defendant left his Chevrolet automobile in the garage for repair. When plaintiff called for his car on the morning of July 31, 1946, he was informed that it had been stolen. The police were notified of the theft and the car was later located in Big Timber, Montana, in a damaged condition.

The relationship existing between the parties was that of bailor and bailee. Feay v. Miller, 72 S. D. 185, 31 N. W.2d 328. Defendant, like other bailees, was bound to exercise ordinary and reasonable precaution in safeguarding and caring for plaintiff's car, that is, the same care and diligence as a reasonably prudent person engaged in the same business is accustomed to exercise. 7 Blashfield's Cyclopedia of Automobile Law and Practice, § 5035; see also cases collected in annotations in 15 A. L. R. 681, 42 A. L. R. 135 and 65 A. L. R. 431.

The principle that proof of delivery of bailment to a bailee for hire and the latter's failure to return it in good condition with proof of damages makes out a prima facie case is applicable to the present case. 6 Am. Jur., Bailments, § 371; see also Allen v. Line, 72 S. D. 392, 34 N. W.2d 835. The effect of this is not to shift to defendant the burden of proof, but simply the burden of going forward with the evidence. McKiver v. Theo. Hamm Brewing Co., 67 S. D. 613, 297 N. W. 445; Headlee v. New York Life Ins. Co., 69 S. D. 499, 12 N. W.2d 313. The bailee may overcome the prima facie case or presumption of negligence by offering evidence to show that he was not negligent, and after such evidence is produced the bailor must then show, to make out a case, that the bailee was in fact negligent.

It appears from the uncontradicted testimony of defendant's witnesses that an employee closed and locked the garage shortly before midnight; that the car of the plaintiff

was handled in the same manner that the cars of other customers and of the defendant were handled; that ignition keys were left in all cars including that of plaintiff because they could be more readily removed from the building in the event of fire; that the city of Lemmon, whose population is about two thousand, employed a night watchman whose duty it was to patrol the streets and alleys; that it was the custom of the defendant, after business hours, to turn on a night light which made visible through the front windows the rear of the building and that this light was burning on the night in question; that plaintiff's car was left on the wash rack near a rear door; that by the use of sufficient force to break a catch on a window and to force it open entrance was gained into the building; and that when employees came to work at about 6:00 o'clock in the morning they found that plaintiff's car had supposedly been stolen and that the door nearest the wash rack was closed but unlocked.

■ It is asserted that it was for the jury to determine whether or not the leaving of ignition keys in plaintiff's car constituted negligence. If was established that it was the custom of the business to leave ignition keys in the cars of customers. However, it does not appear that plaintiff had knowledge of it nor does it appear that the existence of such custom was so general that plaintiff must be assumed to have contracted with it in mind. In Lathrop v. Goodyear Tire & Rubber Co. Inc., 325 Ill. App. 281, 60 N. E.2d 41, which was an action against a garage keeper for damages sustained as the result of defendant's alleged negligence in permitting plaintiff's car to be stolen, it appeared from the uncontradicted evidence that the defendant had closed and locked the garage; that entrance was gained by sufficient force to press open one of the windows during the nighttime; that by procurement of keys from the office the thieves gained entrance to plaintiff's car and then drove it away without the knowledge or consent of the defendant. The court held that the evidence would not sustain a finding that defendant failed to exercise due care. The facts of that case are not essentially different from the instant case.

Ignition keys in either instance were accessible to persons who might forcibly break and enter with intention of stealing a car. There was nothing herein to show that the custom of leaving keys in the cars of customers taken with the conditions existing in the garage and in the vicinity would have led a careful and prudent person to deem it an unsafe practice.

We think that the court was not in error in directing a verdict favorable to the defendant, hence the judgment is affirmed.

All the Judges concur.