[No. 35236. *En Banc.* February 2, 1961.]

HAROLD JONES, *Respondent,* v. JACK WARNER *et al.,*
*Appellants.*[1]

*Thomas B. Gess,* for appellants.

*Critchlow & Williams,* for respondent.

ROSELLINI, J.—In March, 1958, the plaintiff bought a used 1957 Ford equipped with a Thunderbird motor. Its speedometer showed 14,603 miles. By July, 1958, the speedometer had registered approximately 20,000 miles. He then planned an extensive motor trip during his August vacation. In preparation for it, he bought a new set of tires from the defendant. When he left his car to have them mounted, he

[1]Reported in 359 P. (2d) 160.

requested the defendant to "adjust the valves and check it over generally to see if something was amiss" because "the valves or tappets . . . seemed to be noisy and the car was idling a little rough."

The plaintiff returned for his automobile later in the day and was informed that the motor was inoperative. Upon examination, it was revealed that one of the valves had broken, causing severe damage to the number four cylinder and to the pistons in four other cylinders.

He brought this action to recover the costs incident to the installation of another motor.

The trial court found that the automobile was in good condition when delivered to the defendant, that it was returned to the plaintiff in a damaged condition, and that the damage was caused by the negligence of the defendant. A judgment for $513.14 was awarded to the plaintiff. The defendant appeals.

The appellant assigns as error the court's finding that "Said 1957 automobile was in good condition when delivered by plaintiff to said Jack Warner for work thereon."

The parts of the record which appellant marshals in support of this assignment may well indicate that the automobile was not perfect. The record supports the finding, however, that it was in "good condition" considering that it was a used automobile of that age and mileage.

The appellant contends in three assignments of error that the evidence is insufficient to support the court's finding that the appellant was negligent.

A bailee is not an insurer of property placed in his charge, but is only required to exercise ordinary care. *Carley v. Allen,* 31 Wn. (2d) 730, 198 P. (2d) 827. But where property not perishable in nature is delivered to a bailee in good condition, and is not returned or is returned damaged, a presumption arises of negligence on the part of the bailee and casts upon him the burden of showing the exercise of ordinary care. *Burley v. Hurley-Mason Co.,* 111 Wash. 415, 191 Pac. 630. However, the presumption does not arise unless it appears that the subject of the bailment is of such a nature that loss or injury could not ordinarily have oc-

curred without negligence on the part of the bailee. *Patterson v. Wenatchee Canning Co.*, 53 Wash. 155, 101 Pac. 721.

The appellant's evidence showed that there was a possibility that the damage was caused by crystallization of the metal, and his servants testified that they performed their work in a careful and proper manner. The respondent's evidence, on the other hand, tended to show that the damage occurred in one of three ways, each of which would have been the result of negligence, and that the damage was of a kind which cannot occur, ordinarily, without negligence. The court was not obliged to accept the appellant's evidence and reject that of the respondent.

The evidence of the respondent, which was believed by the trier of the facts, was sufficient to raise a presumption of negligence on the part of the appellant, and we cannot say that, as a matter of law, the evidence offered by the appellant rebutted that presumption.

It is not the law, as contended by the appellant, that he has sustained his burden of proof when he has produced evidence that the damage possibly could have resulted from some cause other than his negligence. In order to make a *prima facie* case, a plaintiff is not required to show that a cause other than negligence could not possibly have produced the damage; consequently, if the plaintiff's evidence has shown to the satisfaction of the court that the damage could not ordinarily occur without negligence, a defendant cannot rebut the presumption by merely introducing evidence of some other possible cause.

Since the evidence was sufficient to support the findings of the trial court, the judgment is affirmed.

FINLEY, C. J., WEAVER, OTT and HUNTER, JJ., concur.

MALLERY, J. (concurring)—The appellant contends in three assignments of error that the evidence is insufficient to support the court's finding that the appellant was negligent.

These assignments are directed to the theory of the doctrine of *res ipsa loquitur*. It is conceded that the damage

occurred while the appellant was making adjustments on the valves and mounting the new tires, and had the exclusive possession and control of the automobile.

The appellant does not challenge the application of the doctrine of *res ipsa loquitur*, but it is his theory that the doctrine does not require him to go forward with evidence sufficient to persuade the trier of the facts that he had exculpated himself, but only to show the *possibility* that the injury *could* have happened without his negligence.

Accordingly, he contends that four possible causes of the injury were established by the record. Three of them were advanced by the respondent and are that (1) the valve had been broken by being tightened excessively, (2) the automobile had been driven too fast in low gear while testing the balance of the new tires, and (3) some foreign matter could have fallen into the motor due to appellant's negligence while the carburetor was removed during the valve-adjusting operation. Naturally, since all of these possible causes of the injury would establish negligence on the appellant's part, he contends for his own fourth possible cause of the injury, namely, that the valve could have broken because of crystallization of the metal. His theory is that crystallization being a possible cause which does not involve negligence on his part, he has met the burden imposed upon him by the doctrine of *res ipsa loquitur*.

I think not. The answer is the same whether the doctrine of *res ipsa loquitur* be viewed (1) as a presumption of negligence, (2) as the burden of going forward with exculpatory evidence, or (3) as circumstantial evidence of negligence. See Prosser on Torts (2d ed.) 199, § 42; 2 Harper and James, Law of Torts, 1075, § 19.5.

The doctrine is applicable only when the injury is such that it would not ordinarily have occurred but for the negligence of a defendant. When that is true, a defendant is liable unless he can exculpate himself (1) by rebutting the presumption, or (2) going forward with exculpatory evidence, which shows a nonnegligent cause, or (3) rebuts the circumstantial evidence of negligence. It is not enough to show a possibility that the injury happened without negli-

gence. A defendant must persuade the trier of the fact that it probably did so. This is particularly true in the cases of common carriers and bailments of the kind here involved. *Burley v. Hurley-Mason Co.,* 111 Wash. 415, 191 Pac. 630; 8 C. J. S., Bailments, 342, § 50c (2).

I concur in the result of the majority opinion.

HILL, J. (concurring)—I concur in the result. Irrespective of who had what burden of proof, the evidence was sufficient to support the trial court's finding that the defendant was negligent.

DONWORTH and FOSTER, JJ., concur with HILL, J.

---

March 23, 1961. Petition for rehearing denied.