412 P.2d 815

**Glenn DICK, d/b/a Glenn Dick Equipment Co., Plaintiff-Respondent,**

v.

**T. E. REESE, also known as Tom Reese, Defendant-Appellant.**

No. 9688.

Supreme Court of Idaho.

April 1, 1966.

Alexanderson & Davis, Caldwell, for appellant.

W. Anthony Park, Boise, for respondent.

SMITH, Justice.

·This is an appeal from a judgment against appellant allowing recovery to respondent of $1,170.46 for labor and parts furnished in the repair of appellant's truck, together with interest and costs; also, from an order denying appellant's motion for a new trial.

On January 23, 1961, appellant (defendant) took his White Freightliner diesel truck to respondent (plaintiff) for the purpose of ascertaining what was wrong with the differentials. After respondent's mechanic had inspected the truck, and at appellant's instance and request, respondent caused the differentials to be completely overhauled and rebuilt, using Universal D-A 90 weight No. 000 mineral oil as the lubricant for the rebuilt units. Respondent then submitted a bill of $720.30, which appellant paid in four installments.

Immediately after completion of the repair job, appellant began using his truck in transporting cattle from Idaho to Yerrington, Nevada, an 860-mile round trip. On the first trip to Nevada the differentials overheated. Upon returning from this trip, appellant contacted respondent's mechanic, and informed him of the overheating. The mechanic advised appellant to make addi-

tional trips, which he did, and again the differentials overheated. After 3,000 miles of travel, the mechanic recommended that the oil be changed, and again Universal D-A 90 weight mineral oil No. 000 was used as the lubricant. On succeeding trips the differentials heated, which appellant reported to respondent. After 6,000 miles of travel, at the suggestion of the mechanic, respondent again disassembled and examined the differentials. The examination revealed that the bearings, the worm shaft, and all iron parts, were rusted and corroded with a scum; the bearings were also pitted.

Respondent again repaired the truck's differentials, commencing the job on June 9, 1961. This time appellant furnished the oil for the differentials. On June 10, 1961, respondent took a sample of the oil which was in the differentials at the time of the second repair job, and a sample from the barrel out of which that oil had been taken, and submitted the samples to a laboratory for analysis. The laboratory report showed that the oil taken from the truck had a high acid content; whereas the oil taken from the barrel showed a neutral or no acid content. Appellant began operating his truck and continued to do so for the next 100,000 miles before he had the differentials examined a third time. This time he had the units disassembled by a truck repairman other than respondent. Examination showed the absence of bushings on the spider in the front differential; again the differentials were in need of repair.

Respondent, from time to time, demanded of appellant that he pay for the second repair job, which amounted to $1,170.46. Appellant refused, contending that respondent did not perform a reasonably good repair job in the first instance, and that his faulty performance of that job rendered necessary the second overhauling of the truck's differentials. Respondent thereupon commenced action for recovery of the sum of $1,170.46, the cost of the second repair job.

The cause was tried to the court sitting without a jury. The court found that, at appellant's request, respondent had provided services and materials amounting to $1,170.46 in the repair of appellant's truck, which appellant had refused to pay; that respondent performed an earlier job on the same truck about January 23, 1961, and although the differentials of the truck did not perform properly after that repair job, appellant paid for the same, knowing that the truck's differentials were not performing in a proper manner. The court further found that respondent had performed the earlier repair job in a proper manner according to the evidence presented. The court also found that the second repair job of about June 9, 1961, was performed properly and without fault on respondent's part.

The trial court then concluded that appellant had not proved by a preponderance of

the evidence that respondent was negligent in performing the repair services. The court entered judgment accordingly in respondent's favor for $1,170.46 with interest and costs. This appeal resulted.

Appellant assigns as error the trial court's ruling that appellant had the burden of proving negligence on the part of the respondent with respect to the January 23, 1961, repair job.

In his complaint respondent alleged that on or about June 9, 1961, he furnished parts and performed services on the appellant's truck. Appellant, in his answer, admits that respondent performed such services and that appellant experienced no difficulty thereafter. Appellant then alleges that in the first overhaul respondent used the wrong kind of oil and "did not exercise his common law duty to do a reasonably good job and that the difficulty arising out of the repair on or about June 9, 1961, was caused solely by plaintiff."

■ The defense of respondent's improper performance of the first contract in avoidance of liability for payment of the second repair job, constituted an affirmative defense (I.R.C.P. 8(c)); therefore, the burden of proof was upon appellant to show that the first repair job was performed in an improper manner. Paurley v. Harris, 77 Idaho 336, 292 P.2d 765 (1956). Moreover, the general rule is that the burden of

proving a garageman's breach of duty in the repair of a motor vehicle rests upon one who claims that the repairs were defectively made. Sam White Oldsmobile Co. v. Jones Apothecary, Inc., 337 S.W.2d 834 (Tex. 1960); Kettle v. R. J. Loock & Co., 199 Md. 95, 85 A.2d 459 (1952); Carley v. Allen, 31 Wash.2d 730, 198 P.2d 827 (1948); Pugh v. Mackie Motors Co., 189 N.W. 674 (Iowa 1922). Appellant's aforesaid assignment is without merit.

Appellant, by assignment of error, next asserts that the evidence is insufficient to support the finding and judgment of the trial court.

■ The relationship between an automobile owner, leaving an automobile at a garage for storage or repairs, and the garageman, is that of bailor and bailee. D. A. Schulte, Inc. v. North Terminal Garage Co., 291 Mass. 251, 197 N.E. 16 (1935); Smith v. Cohen, 116 Pa.Super. 395, 176 A. 869 (1935); Carty v. Lemmon Auto Co., 72 S.D. 559, 37 N.W.2d 454 (1949); Vollmer v. Stoneleigh-Maple Terrace, 226 S.W.2d 926 (Tex.Civ.App.1950); Farrell-Calhoun Co. v. Union Chevrolet Co., 21 Tenn.App. 554, 113 S.W.2d 419 (1937).

■ "* * * the law implies a contract [between bailor and bailee] that the work shall be done with due care and competent skill, and that the article, when the work is completed, shall be reasonably fit

for the purpose or use intended, in contemplation of which the parties entered upon the bailment." 8 Am.Jur.2d Bailments, § 220; Aronette Mfg. Co. v. Capital Piece Dye Works, Inc., 6 N.Y.2d 465, 190 N.Y.S. 2d 361, 160 N.E.2d 842 (1959); Stevens v. Moore, 24 Tenn.App. 61, 139 S.W.2d 710 (1940); Douglass v. Hart, 103 Conn. 685, 131 A. 401, 44 A.L.R. 820 (1925).

■ In automobile repair cases, the garageman must exercise ordinary care and skill in making the repairs. Morgan v. Mixon Motor Company, 10 Ill.App.2d 323, 137 N.E.2d 504 (1956); Frantz v. General Motors Corporation, 176 F.2d 80 (3rd Cir. 1949); Carley v. Allen, supra; Thomson Motor Co. v. Story, 59 Ga.App. 433, 1 S.E. 2d 213 (1939); Burrichter v. Bell, 196 Iowa 529, 194 N.W. 947 (1923); Russell's Express v. Bray's Garage, 94 Conn. 520, 109 A. 722 (1920).

■ The owner of a motor vehicle may establish negligence of a garageman in the performance of the work and labor on the vehicle, by circumstantial, as well as by direct, evidence. This is but a statement of the rule that facts may be proven by circumstantial, as well as by direct, evidence. Coe v. Esau, 377 P.2d 815 (Okl.1963); Hepp v. Quickel Auto & Supply Co., 37 N.M. 525, 25 P.2d 197 (1933); Greenwood v. Jack, 175 Minn. 216, 220 N.W. 565 (1928). But, where circumstantial evidence is relied upon,

the circumstances must be proved, and not themselves be left to presumption and inference. Splinter v. City of Nampa, 74 Idaho 1, 256 P.2d 215 (1953); Dent v. Hardware Mutual Casualty Co., 86 Idaho 427, 388 P.2d 89 (1963).

■ A prima facie case of negligence is established by the bailor if his evidence "has shown to the satisfaction of the court that the damage could not ordinarily occur without negligence." Jones v. Warner, 57 Wash. 2d 647, 359 P.2d 160, 92 A.L.R.2d 1404 (1961). The bailee, garageman, then has the burden of going forward with the evidence and showing the exercise of ordinary care. The effect of this rule is not to shift the ultimate burden of proof from the bailor to the bailee, but simply to shift the burden of proceeding or going forward with the evidence. Such burden is met by proof of freedom from negligence. The burden is then upon the bailor to show that negligence of the bailee resulted in the damage to the bailed property. Jones v. Warner, supra; Aronette Mfg. Co. v. Capital Piece Dye Works, Inc., supra; Bielunski v. Tousignant, 17 Ill.App.2d 359, 149 N.E.2d 801 (1958); Prettyman v. Hopkins Motor Co., 139 W.Va. 711, 81 S.E.2d 78 (1954); Chaloupka v. Cyr, 63 Wash.2d 463, 387 P.2d 740 (1964); Carty v. Lemmon Auto Co., supra; 8 C.J.S. Bailments § 50(2).

In the case at bar, it is undisputed that the truck's differentials began overheating

almost immediately after the first repair job; also, that appellant took his truck to respondent and reported the same, and had the truck checked on at least two subsequent occasions; appellant showed that the differentials continued to overheat; that after 6,000 miles such units, upon being disassembled prior to a second overhaul, were found to be severely damaged, i. e., the parts were rusted and corroded and the bearings pitted, which established a definite need for the second repair job. The evidence also establishes, through appellant's expert witness, that such repairs should last, with a second overhaul, for an estimated 200,000 to 450,000 miles. This evidence was sufficient to establish a prima facie case of negligence against the respondent.

Respondent did, however, come forward with evidence adduced for the purpose of showing his freedom from negligence in the performance of the repair job and its performance with commensurate care and skill. Respondent obtained an analysis of a sample of oil from appellant's truck, as well as a sample of the oil from the barrel from which was taken the oil used in the truck. The sample from the barrel did not show any foreign substance or acid content. Respondent's expert witness testified that the 90 weight oil was of the correct weight to use under the circumstances, i. e., the time of the year and the type of truck involved.

Respondent's expert witness also testified that the gears in appellant's truck were properly set. The following exchange between counsel and this witness points this out:

"Q. What I am getting at is do you know whether these particular rear ends [differentials] were properly or improperly set or reset?

"A. I would say they were properly set—set like any of them I have ever set. We have a certain way that we mark them with paint, and we get the proper mark ever time we overhaul them. We use, a paint, a lead paint, to get our mark.

"Q. So you marked it with paint at the time of the first overhaul.

"A. Yes.

"Q. At the second overhaul, did you see any difference?

"A. There was no difference.

"Q. So it was still set properly at the time of the second overhaul?

"A. It was properly set."

The burden then was upon the appellant, bailor, to show that the negligence of the bailee resulted in the damage to the bailed property.

Appellant failed to establish what act, if any, on the part of respondent constituted a

breach of the duty to make repairs with commensurate care and skill.

Appellant assigns as error the finding of the trial court that the work which respondent performed on June 9, 1961, was performed properly and without fault on respondent's part. This position of appellant is also untenable. In the first place, appellant, in his answer, admitted that he had no trouble after the second overhaul. In the second place, the evidence is conflicting as to whether the lack of bushings on the spider gear would have caused damage necessitating the third overhaul after the truck had traveled 100,000 miles. From the testimony of two expert witnesses called as to the mileage that should be obtained from a used truck after an overhaul of the differentials, the estimates ranged from 75,000 to 450,000 miles. Respondent's expert witness testified that there were two types of spider gears at that time, one having bushings and the other not having bushings; but that the lack of bushings would not cause the differentials to heat and "go out." Appellant's expert witness stated that such bushings should be on the spider gear, but their absence would be only one of several causes creating a need for repair. The court then queried the witness as follows:

"Court: Do you have an opinion after your examination of this truck as to what caused the heating condition in this case?

"A. I wouldn't want to make a statement on that, your honor.

"Court: You don't have an opinion?

"A. No, Sir."

We are constrained to the view that the trial court's finding that the repairs of June 9, 1961, were properly performed, and the judgment, are supported by substantial and competent, though conflicting, evidence. Where there is substantial and competent, though conflicting, evidence in support of the findings of the trier of the fact, such findings will not be disturbed on appeal. Eagan v. Colwell, 86 Idaho 525, 388 P.2d 999 (1964); Knoblock v. Arenguena, 85 Idaho 503, 380 P.2d 898 (1963); C. R. Crowley, Inc. v. Soelberg, 81 Idaho 480, 346 P.2d 1063 (1959).

In light of the aforesaid determinations, appellant's further assignments of error are deemed to be without merit.

The judgment is affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, TAYLOR and SPEAR, JJ., concur.